[No. B118114. Second Dist., Div. Two. Feb. 4, 1999.]

LARRY WOLLERSHEIM, Plaintiff and Respondent, v.
CHURCH OF SCIENTOLOGY INTERNATIONAL et al., Defendants and
Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part b.

## COUNSEL

Hagenbaugh & Murphy, Daniel A. Leipold, Robert F. Donohue, Cathy L. Shipe; Gartenberg, Jaffe, Gelfand & Stein and Craig J. Stein for Plaintiff and Respondent Lawrence Wollersheim.

Edward J. Horowitz; Orrick, Herrington & Sutcliffe and Gerald. L. Chaleff for Defendant and Appellant Church of Scientology International.

Paul, Hastings, Janofsky & Walker, Samuel D. Rosen and Barbara A. Reeves for Defendant and Appellant Religious Technology Center.

## OPINION

**ZEBROWSKI, J.**—This case concerns the proper test to be applied by a trial court in deciding whether to grant a posttrial motion to add an alleged alter ego as an additional judgment debtor. Appellant contends that the proper test is the normal preponderance of the evidence burden of proof that

applies generally to factfinding proceedings in a trial court. Respondent contends that the proper test is the substantial evidence test normally applied only by an appellate or other reviewing court. The issue is directly controlled by Evidence Code section 115 (section 115). Section 115 identifies three possible burdens of proof applicable to factfinding proceedings: preponderance of the evidence, clear and convincing proof, and proof beyond a reasonable doubt. Section 115 specifies that "[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." The law does not otherwise provide, and preponderance of the evidence is therefore the test which must be applied. The substantial evidence test has no application in this context.

DISCUSSION

a.  *The substantial evidence issue.*

█  Plaintiff Larry Wollersheim sued the Church of Scientology of California (CSC) on various tort claims in 1980. While the case was in its pretrial stages, CSC was reorganized and the two entities which are now appellants were created: Church of Scientology International (CSI) and Religious Technology Center (RTC). Wollersheim eventually obtained judgment against original defendant CSC. After many years of appeals and related proceedings, Wollersheim made a motion in the superior court to add CSI and RTC as judgment debtors on the grounds that CSI and RTC are the alter egos of CSC. His briefing was dominated by issues relating to the long delay between the judgment and the motion, the nature of the evidence, the elements which must be proven to establish alter ego liability, etc. In a brief comment, however, Wollersheim's moving papers stated that a "judgment is properly amended where the movant shows *substantial evidence* that a party's alter ego should be held accountable for that party's wrong." (Italics added.)

In support of his proposition that the substantial evidence test should be applied to his alter ego motion, Wollersheim cited *NEC Electronics, Inc.* v. *Hurt* (1989) 208 Cal.App.3d 772 [256 Cal.Rptr. 441] (*NEC*). *NEC* concerned a judgment creditor's motion to have the judgment debtor's chief executive officer and sole shareholder added to the judgment as an alter ego. The trial court granted the motion, and the chief executive officer/sole shareholder/ alter ego (CEO) appealed. After summarizing the facts, the Court of Appeal in *NEC* made the unremarkable statement: ". . . we must consider whether the trial court's findings are supported by *substantial evidence.*" (*NEC, supra,* 208 Cal.App.3d at p. 777, italics added.) The CEO was arguing that the judgment creditor's evidence was insufficient to show that he was an

alter ego. Although the CEO acknowledged that there was a unity of interest between him and the corporation, he argued that the evidence failed to establish that an inequitable result would follow if he and the corporation were treated as separate entities. The Court of Appeal rejected this argument, finding that "there is *substantial evidence* to support the trial court's conclusion that [the CEO's] manipulation of the assets of [the corporation] produced an inequity . . . ." (*Id.* at p. 778, italics added.) Continuing with its inquiry, the court later found "we do not believe that there is *substantial evidence* to support the trial court's conclusion that [the CEO] controlled the action between NEC and [the corporation]." (*Id.* at p. 781, italics added.) The alter ego finding was therefore reversed on this latter point.

As is plain, *NEC* is simply an example of the standard application of the substantial evidence test *by a reviewing court on appeal. NEC* does not stand for the proposition that a trial court, in carrying out its factfinding duties, can apply the substantial evidence test. The substantial evidence test is entirely unsuited to factfinding proceedings, inasmuch as it can require a reviewing court to affirm a factual finding which the reviewing court does not regard as supported by a preponderance of the evidence. Inherent in the substantial evidence test is the proposition that a finding must be affirmed even though the reviewing court considers it more likely than not that the finding under review is incorrect, so long as that finding is supported by substantial evidence.

Perhaps because the proposition that a trial court should apply the substantial evidence test when factfinding is so clearly misdirected, or perhaps because the subject of proper test to be applied was so minimally mentioned in Wollersheim's briefing, CSI and RTC made no express argument regarding burden of proof in their initial opposing papers in the trial court. Instead, their opposing papers focused on the facts, arguing them as if based on an assumption that the normal preponderance of the evidence standard would be applied. This is not surprising, since it is well established that in making factual findings, a trial court must apply the preponderance of the evidence burden of proof except in special circumstances not here involved. (Evid. Code § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."].)

The trial court's ruling, issued initially by minute order and without oral hearing, stated the determinative question as follows: "The court must determine whether there is substantial evidence of the following: [¶] 1. CSI and RTC are the alter egos of CSC; [and] [¶] 2. CSI and RTC controlled the litigation." For this proposition, the minute order cites *NEC Electronics, Inc. v. Hurt, supra,* 208 Cal.App.3d 772 and *Triplett v. Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1420, 1421 [29 Cal.Rptr.2d 741] (*Triplett*).

*NEC* has been discussed above. *Triplett* concerned a car accident. The defendant's insurer refused to settle, and the matter was tried to a judgment for the plaintiff. The trial court then added the insurer to the judgment, even though it was undisputed that the insurer was not the defendant's alter ego, and additionally sanctioned the insurer for refusing to settle. The Court of Appeal reversed, but without making any rulings germane to the instant case. *Triplett* does, however, cite *NEC* and state the general law of alter ego.

After receiving the court's minute order, CSI and RTC moved to vacate the judgments against them on the grounds that the trial court had applied an inapplicable standard. Wollersheim opposed. He acknowledged that the court had "found that substantial evidence presented by Mr. Wollersheim supported his alter ego allegations," and continued to argue that substantial evidence was the correct standard, stating that "the cases are uniform in declaring that, where a trial court's finding is based upon substantial evidence, that determination will not later be disturbed." This latter statement is a correct description of the function of a reviewing court applying the substantial evidence standard of review, but it does not describe the function of a trial court acting as a finder of fact. (See, e.g., § 115, [specifying application of the preponderance of the evidence burden of proof].)

At oral argument, CSI and RTC argued that Wollersheim's briefing had led the trial court astray in several particulars, first among them "that the burden was substantial evidence as opposed to a preponderance of the evidence." Arguing this point, counsel for RTC stated: "They cited a case, of course, which stands for the proposition that is unremarkable at best, that is, an appellate court reviews a record of a trial court below on a substantial evidence standard. I want to go back to basics. Everyone agrees that Mr. Wollersheim has the burden of proof in alleging—in asking your honor to amend the judgment to include anyone else. Everyone agrees to that. Everyone agrees that the burden of proof means, at a minimum, in a civil action, preponderance. . . ." In response, counsel for Wollersheim stated: "Briefly, with regard to the standard of proof, you know, case after case after case, as your honor is certainly aware, cites 'substantial evidence' as being that which the court must find in order to make a finding of alter ego." Wollersheim's counsel went on to argue that no appellate court had ever stated that the necessary findings for an alter ego determination had to be made by a preponderance of the evidence, and concluded that "we are ready to have the appellate court look at it at this point."[1]

The trial court did not respond specifically to the arguments concerning the preponderance of the evidence burden of proof versus the substantial

---

[1] In view of the wide spectrum of subject matter subject to the preponderance of the evidence burden of proof (including almost every factual issue tried in a civil court other than

evidence standard of review, but instead simply stated "I don't think I have made any mistake. I think I'm absolutely correct on the law." The motion to vacate was denied.

The proposition that the substantial evidence test has no proper application to factfinding in the trial court does not require extended discussion or an elaborate explanation. The matter is directly controlled by section 115, which states the general rule that factual findings must be made by a preponderance. The substantial evidence test simply accords deference to trial court findings made according to a preponderance in order to avoid de novo redetermination of every factual issue at the appellate level. The substantial evidence test is uniquely unsuited to initial factfinding. It begins with a bias toward confirming findings already made, and rejects them only if there is no evidence upon which a reasonable person could make such findings. The substantial evidence test does not ask what proposed facts are more likely than not to be the true facts.

Wollersheim nevertheless relies upon an isolated misstatement in *Jack Farenbaugh & Son* v. *Belmont Construction, Inc.* (1987) 194 Cal.App.3d 1023, 1029-1030 [240 Cal.Rptr. 78]. In a lengthy opinion traversing the law of alter ego and affirming a trial court order adding an alleged alter ego as a judgment debtor, the *Farenbaugh* court stated: "[o]nce the trial court was satisfied that there was substantial evidence [of alter ego status] . . . , it was empowered to amend the judgment to add appellant as a judgment debtor." (*Ibid.*) This isolated passage could be read literally to support the proposition that a trial court may add an alleged alter ego as a judgment debtor based merely on substantial evidence. If so read, however, it would stand in stark contrast to well-settled law that the preponderance test applies generally in the trial court. We conclude that the *Farenbaugh* court simply "misspoke" when it stated that the trial court, rather than the appellate court, must determine whether there is substantial evidence to support a factual finding. The trial court must determine whether a requested factual finding is supported by a preponderance; the appellate court then reviews that finding according to the substantial evidence test.

If the issue of the proper test to be applied had not been vigorously and expressly contested in the trial court, it might be appropriate to assume that the trial court had applied the preponderance of the evidence test in the normal course. On this record, however, in which Wollersheim argued both

special subjects such as punitive damages; see Civil Code, § 3294, subdivision (a)), it is undoubtedly true that there is not a separate case expressly stating that the preponderance burden of proof applies to every separate conceivable factual issue that can arise in a trial court.

orally and in writing that the substantial evidence test should be applied, in which CSI and RTC pointed out both orally and in writing the error in this contention, and in which the trial judge expressly chose to apply the substantial evidence test even after oral argument of a motion to vacate, we must reverse and remand for new findings of fact to be made according to the preponderance of the evidence standard.

b. *Other issues.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgments against the Church of Scientology International (CSI) and Religious Technology Center (RTC) are reversed. This matter is remanded for further consideration of plaintiff's motion to add these parties to the judgment by evaluating the evidence according to the preponderance of the evidence burden of proof in a manner consistent with this opinion. Each side to bear their own costs on appeal.

Boren, P. J., and Fukuto, J., concurred.

---

*See footnote, *ante*, page 1012.