Filed 4/3/14  Butler v. Lyons & Wolivar CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEVEN S. BUTLER, | |
| Plaintiff and Respondent, | G047766 |
| v. | (Super. Ct. No. 30-2009-00120252) |
| LYONS & WOLIVAR, INC., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, James Di Cesare, Judge.  Affirmed.

Daniel J. Koes for Defendants and Appellants.

Lapidus & Lapidus and Daniel C. Lapidus for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Following a contractual arbitration proceeding, judgment was entered in favor of Steven S. Butler, and against Lyons & Wolivar, Inc., doing business as Lyons & Wolivar Investigations (Lyons). Pursuant to Code of Civil Procedure section 187, Butler successfully moved to amend the judgment to add LWI, Inc. (LWI), as an additional party against whom the judgment was entered. (All further statutory references are to the Code of Civil Procedure.) Lyons and LWI appeal, contending the trial court erred in amending the judgment. We disagree, and affirm the judgment. Substantial evidence supports the trial court's finding that LWI was the successor corporation of Lyons; LWI was therefore appropriately added to the judgment as an additional judgment debtor.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Lyons is a franchisor of private investigation services. In August 2005, Butler entered into a franchise agreement with Lyons. Lyons terminated the franchise in May 2009, due to Butler's failure to pay royalties.

Butler sued Lyons for various causes of action, all relating to alleged misrepresentations regarding the franchise and to Lyons's alleged breach of the franchise agreement and violations of California law. Lyons's petition to compel arbitration was granted. Lyons filed a demand for arbitration, claiming unpaid royalties and other costs. Butler filed a counterclaim in arbitration, alleging, for the most part, the same claims asserted in his complaint.

In September 2011, the arbitrator issued a final award, awarding Lyons $1,727 from Butler and awarding Butler $513,971.67 from Lyons, for a net award of $512,244.67 to Butler. Later that month, Butler filed a petition to confirm the arbitration award against both Lyons and LWI. The trial court refused to confirm the award against LWI because the arbitration award did not mention that separate entity. The court

2

continued the hearing on the petition to confirm to allow Butler to file a motion for clarification before the arbitrator.

The arbitrator denied Butler's request for clarification: "Butler's Request, dated November 9, 2011, relates to the Final Award issued September 6, 2011 and is therefore late under JAMS' [(Judicial Arbitration and Mediation Services)] Rule 24. As a result, the Arbitrator lost any power to modify the Final Award, and the Request must therefore be denied. The Arbitrator takes no position as to whether relief might be available under CCP 187 to amend the judgment." The trial court then granted the petition "to confirm the arbitration award as written but denies the petition to the extent it seeks to add LWI, Inc. as a party to the award." The court noted that its ruling was "without prejudice to any other procedural remedies available to [Butler]." The trial court entered judgment in favor of Butler, and against Lyons, in the amount of $512,244.67, plus interest, with $3,565 in attorney fees and costs also being awarded to Butler.

Butler filed a motion to amend the judgment, pursuant to section 187,[1] to include LWI. The trial court granted the motion, and an amended judgment was entered in favor of Butler and against Lyons and LWI. Lyons and LWI timely appealed.

DISCUSSION

"Under section 187, the court has the authority to amend a judgment to add additional judgment debtors." (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778.) A judgment may be amended to add an additional judgment debtor on the ground

---

[1] "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." (§ 187.)

3

that a person or entity is the alter ego of the original judgment debtor (*id.* at pp. 778-779) or that the person or entity is a successor corporation (*McClellan v. Northridge Park Townhome Owners Assn.* (2001) 89 Cal.App.4th 746, 753 (*McClellan*)). "This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." (*NEC Electronics, Inc. v. Hurt*, *supra*, at p. 778.) Whether to grant a motion under section 187 to add an additional judgment debtor is a matter reserved to the trial court's discretion. (*Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 508.) "'"The greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done."'" [Citation.]" (*Ibid.*)

As the moving party, Butler had the burden of proving the essential facts by a preponderance of the evidence. (*Wollersheim v. Church of Scientology* (1999) 69 Cal.App.4th 1012, 1017; *Maloney v. American Pharmaceutical Co.* (1988) 207 Cal.App.3d 282, 288 & fn. 3.) We review the findings underlying the trial court's order granting the motion to amend the judgment to name an additional judgment debtor under the substantial evidence standard. (*McClellan*, *supra,* 89 Cal.App.4th at pp. 751-752.)

A judgment entered following the confirmation of an arbitration award "has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification." (§ 1287.4.) Courts of this state have frequently found a judgment entered after an arbitration proceeding may be amended pursuant to section 187 in the same manner as any other judgment. (*Greenspan v. LADT LLC*, *supra*, 191 Cal.App.4th at p. 508; *McClellan*, *supra*, 89 Cal.App.4th at p. 757; *Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1555.)

In his motion to amend the judgment, Butler argued both that LWI was a successor corporation of Lyons and that LWI was the alter ego of Lyons. The trial court found Butler had established by substantial evidence that LWI was the successor

4

corporation of Lyons because it was a mere continuation of the predecessor corporation. "If a corporation organizes another corporation with practically the same shareholders and directors, transfers all the assets but does not pay all the first corporation's debts, and continues to carry on the same business, the separate entities may be disregarded and the new corporation held liable for the obligations of the old. [Citations.]" (9 Witkin, Summary of Cal. Law (10th ed. 2005) Corporations, § 16, pp. 794-795.) "The general rule is 'where one corporation sells or transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the former unless (1) the purchaser expressly or impliedly agrees to such assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) *the purchasing corporation is merely a continuation of the selling corporation*, or (4) the transaction is entered into fraudulently to escape liability for debts. [Citations.]' [Citations.]" (*McClellan*, *supra*, 89 Cal.App.4th at pp. 753-754.)

In its second amended arbitration claim, Lyons alleged its corporate status to be as follows: "Lyons & Wolivar, Inc. ('Claimant') is, and at all times mentioned herein was, a California corporation which merged into a Nevada corporation, and is now known as LWI, Inc. and is a Franchisor of private investigation agencies." Neil Lyons, the chief executive officer of Lyons, was deposed during the arbitration proceedings, at which time he testified as follows:

"Q  Okay.  At some point L&W, Lyons & Wolivar, Inc., was a California corporation?

"A  Correct.

"Q  And at some point, it merged out into—same corporation, just under a different name in the State of California; is that right?

"A  No.

"Q  Okay.

"A  That's not right.

5

"Q What happened?

"A L&W—or I'm sorry—Lyons & Wolivar was a California corporation, that's correct.

"Q Uh-huh.

"A It merged into LWI, Inc., okay, which is a Nevada corporation, that is correct.

"Q Okay. And you've already told us today that you have a—that the L&W license for investigative services here in the State of California is in your name as a qualified manager?

"A Well, no, it's LWI, Inc., it's a corporate license.

"Q Uh-huh.

"A And the qualifying manager, and then I am the officer." (Boldface omitted.)

A franchise disclosure document filed by LWI with the former California Department of Corporations states, in relevant part: "Our parent is LWI, Inc., a Nevada corporation incorporated on December 1, 2008. . . . On December 1, 2008, LWI, Inc. acquired Lyons & Wolivar, Inc., a California corporation. [¶] Our predecessor is Lyons & Wolivar, Inc., a California corporation incorporated on September 11, 2002."

Corporate filings from Massachusetts showed that Lyons and LWI shared at least one officer—Neal Lyons—and at least two directors—Neal Lyons and Scott Crowell. Printouts from the California Secretary of State's business entity database showed Lyons was "merged out" (capitalization omitted), and LWI was an active corporation as of the date the searches were run.

Lyons's counsel represented to the trial court that LWI, not Lyons, was doing business in California, and that judgment debtor examinations of Lyons's president and vice-president were therefore improper.

6

Notably, neither Lyons nor LWI filed an opposition to, or challenged any of, the foregoing evidence submitted in support of the motion to amend the judgment.

Lyons and LWI first argue that LWI could not be added to the judgment as an additional judgment debtor pursuant to section 187 because it was a party to the underlying action, and had been found not liable by the arbitrator. Initially, Butler's complaint was filed against "Lyons & Wolivar, Inc. dba Lyons & Wolivar Investigations, a California corporation," as well as several individuals. During the arbitration proceeding, Butler filed a second amended cross-claim, in which he named LWI as a cross-respondent. In the second amended cross-claim, Butler alleged: "LWI, Inc. ('LWI') is a Nevada corporation based in Westborough, Massachusetts. It has, at all relevant times, conducted business in California. Butler is informed and believes, and on that basis alleges that LWI, Inc. is an agent, employee, and/or alter ego of each of the other Cross-Respondents, and is or was responsible in some degree or manner for the damages that Butler has sustained, as alleged in his Counter-Claim." (Some capitalization omitted.)

Nothing in the appellate record, however, shows whether LWI's liability was arbitrated. Because we do not have a complete copy of the second amended cross-claim, we cannot determine whether LWI was alleged to be liable for any cause of action asserted by Butler, much less that its liability (or lack thereof) was resolved. Indeed, given that LWI did not exist at the time the causes of action alleged in the complaint arose, it seems unlikely that LWI's liability was ever at issue in the arbitration.

To the contrary, the relevant documents in the appellate record suggest that LWI's liability was not adjudged in the arbitration. The final arbitration award says that Lyons's objections to Butler's second amended cross-claim (which first identified LWI as a cross-respondent) were overruled. Neither the objections nor the arbitrator's order is in the appellate record. The caption of the final award lists only Lyons as the claimant and defendant. In the text of the award, the arbitrator addressed counterclaims against

7

"individual defendants," but nowhere mentioned LWI or any corporate defendant other than Lyons.  The overwhelming weight of the evidence supports a conclusion that LWI was not a party whose liability was addressed in the arbitration.

Lyons and LWI also argue there was not substantial evidence that LWI was a successor corporation to Lyons.  Lyons and LWI cite *Katzir's Floor & Home Design, Inc. v. M-MLS.com* (9th Cir. 2004) 394 F.3d 1143, 1150, for the proposition that "[i]nadequate consideration is an 'essential ingredient' to a finding that one entity is a mere continuation of another."  *Katzir's*, however, is so factually distinguishable that it has no bearing on the present case.  The federal district court (applying section 187, pursuant to Federal Rules of Civil Procedure, rule 69(a) (28 U.S.C.)) added M-MLS.com to a judgment as an additional judgment debtor; the original default judgment had been entered against M-MLS, Inc.  (*Katzir's Floor & Home Design, Inc. v. M-MLS.com*, *supra*, at p. 1147.)  About the same time the default judgment was entered, M-MLS, Inc., was placed in receivership in Canada.  (*Ibid.*)  The M-MLS, Inc., assets were appraised, and sold to Scamper Enterprises, Inc. (Scamper).  (*Ibid.*)  Scamper allowed M-MLS.com to use the M-MLS Web site Scamper had acquired as part of M-MLS, Inc.'s assets.  (*Ibid.*)  The appellate court concluded M-MLS.com was not a successor corporation of M-MLS, Inc., for purposes of liability on the judgment because (1) the transfer of assets was made to Scamper, an intervening entity, not directly to M-MLS.com; (2) there was no evidence that the transfer to Scamper involved inadequate consideration; and (3) it was the discharge of M-MLS, Inc.'s assets in bankruptcy, rather than their acquisition by a successor corporation for less than full consideration, that deprived the plaintiff of a remedy against the original judgment debtor.  (*Id.* at p. 1151.)

In this case, Lyons and LWI made many admissions that LWI had succeeded to and replaced Lyons, which would be sufficient to prove successor corporation liability in the absence of any other evidence.  The evidence of the parties' corporate filings provided further support for the trial court's finding that LWI was the

8

successor corporation to Lyons, and that LWI was therefore properly added as a judgment debtor in the amended judgment.

Butler also sought leave to amend the judgment under section 187 to add LWI as an additional judgment debtor on an alter ego theory. The trial court did not address this issue in granting the motion, basing its decision only on the successor corporation theory. "There is perhaps no rule of review more firmly established than the principle that a ruling or decision correct in law will not be disturbed on appeal merely because it was given for the wrong reason. If correct upon any theory of law applicable to the case, the judgment will be sustained regardless of the considerations that moved the lower court to its conclusion." (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568.)

"A court may also disregard the corporate form in order to hold one corporation liable for the debts of another affiliated corporation when the latter ""'is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality, agency, conduit, or adjunct of another corporation.'"" [Citation.] . . . [¶] . . . Because it is founded on equitable principles, application of the alter ego "'is not made to depend upon prior decisions involving factual situations which appear to be similar. . . . 'It is the general rule that the conditions under which a corporate entity may be disregarded vary according to the circumstances of each case.'" [Citations.] Whether the evidence has established that the corporate veil should be ignored is primarily a question of fact which should not be disturbed when supported by substantial evidence. [Citation.]' [Citation.] [¶] 'Factors for the trial court to consider include the commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other. [Citation.] "No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied. [Citation.]"

9

[Citation.]'  [Citations.]"  (*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1107-1109.)

The addition of LWI as an additional judgment debtor in the amended judgment on an alter ego theory would be supported by substantial evidence. Neal Lyons's deposition testimony, Lyons's judicial admissions in its arbitration filings, and the various corporate filings by both Lyons and LWI included in the appellate record all support a finding that LWI has fully supplanted Lyons, and is, in fact, the alter ego of Lyons.

We note that Lyons and LWI correctly set forth in their appellate briefs the law regarding judicial review of arbitration awards.  However, this case does not present an issue of judicial review of an arbitration award.  As discussed *ante*, we are reviewing the correctness of the trial court's order amending the judgment to add an additional judgment debtor.

DISPOSITION

The judgment is affirmed.  Respondent to recover costs on appeal.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.

10