Filed 10/15/14  Lloyd v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TERRY LLOYD, | |
| Plaintiff and Appellant, | E057370 |
| v. | (Super.Ct.No. CIVSS814054) |
| RICK MARTINEZ et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.

Affirmed.

Aviles & Associates and Moises A. Aviles for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

### INTRODUCTION

Plaintiff and appellant Terry S. Lloyd sued defendants Rick Martinez, David Perez, and Donta Montgomery for breach of contract for the sale of a share of undeveloped real property in Devore.  When defendants failed to respond to the

1

complaint, Lloyd obtained their default and subsequently obtained a default judgment, which rescinded the contract and terminated defendants' interests in the property. After unsuccessful attempts to enforce the judgment against defendants and to remove them from the title to the property, Lloyd moved to amend the judgment to name as a judgment debtor RDD, Inc., a corporate entity behind which defendants allegedly were hiding from enforcement of the judgment. The trial court expressed concerns that the default judgment quieted title to the property without the court first having conducted a prove-up hearing, and it denied the motion because RDD, Inc., does not exist.

Lloyd appeals contending the trial court erred by denying the motion, thereby permitting defendants to thwart enforcement of the judgment, and incorrectly characterized Lloyd's cause of action as one to quiet title. The trial court lacked the authority to amend Lloyd's default judgment, consistent with due process, to add a party who did not control a defense to Lloyd's suit and had no opportunity to litigate its liability. In addition, Lloyd presented no evidence to establish that RDD, Inc., is defendants' alter ego. Therefore, we affirm the postjudgment order.

I.

FACTS

Lloyd filed suit against defendants on October 7, 2008, alleging a sole cause of action for breach of contract. In a declaration attached to his form complaint, Lloyd alleged that he and defendants entered into a contract for the sale of a share of undeveloped land in Devore, and that after defendants stopped making monthly payments, he served defendants with a notice of default. The contract and grant deed

2

attached to the complaint listed the named defendants and RDD, Inc., as the purchasers. However, although Lloyd listed RDD, Inc., as an "unincorporated entity" on his form complaint, he did not actually name RDD, Inc., as a defendant. In his prayer, Lloyd requested that the contract be terminated based on defendants' breach, and that the court order defendants' names removed from the recorded title to the real property and replaced with Lloyd's name.

On October 16, 2008, Lloyd filed proofs of service with the superior court showing that two days earlier he served the named defendants with the summons and complaint. Lloyd did not serve RDD, Inc.

Defendants failed to respond to the complaint, so on April 15, 2009, Lloyd obtained their defaults. On December 15, 2009, Lloyd requested a default judgment against the named defendants. The same day, the court entered a judgment that forfeited the contract between Lloyd and the named defendants, terminated defendants' and their successors' interests in the real property, ordered that defendants names be removed from the title to the property and that Lloyd be returned as title holder, and awarded Lloyd $320 in costs. A notice of entry of judgment was filed on February 23, 2010.

Lloyd attempted to amend the judgment by filing a declaration and proposed amended judgment on November 23, 2010, December 21, 2010, and February 9, 2011, but they were returned to Lloyd by the clerk of the superior court for various reasons.

On April 13, 2012, Lloyd filed a motion under Code of Civil Procedure section 187 for an order amending the judgment to name RDD, Inc., as a judgment debtor. Lloyd argued he was unsuccessful in enforcing the judgment against defendants because the

3

property is in the name of RDD, Inc., which holds the property for defendants, but RDD, Inc., is not registered with the Secretary of State and is a nonexistent entity. He argued the trial court had the authority to amend the judgment to name RDD, Inc., as a judgment debtor to avoid the unfairness attendant to defendants' hiding behind a nonexistent corporation to avoid enforcement of the judgment.

In his supporting declaration, Lloyd stated he only learned that the property was owned by RDD, Inc., when he tried to enforce the judgment. Lloyd declared that, although RDD, Inc., is not registered with the Secretary of State, it is an existing corporation located in Los Gatos, California, and that its corporate agent is Dean Joseph Devicenzi. Finally, Lloyd declared that defendants placed RDD, Inc.'s name on the grant deed to frustrate his ability to enforce the judgment. Lloyd served the motion on defendants, "who are DBA RDD, Inc."

At the hearing on Lloyd's motion, the trial court stated, "this is a rather strange case" because Lloyd obtained a default judgment quieting title to the property without the court first conducting a prove-up hearing, but the court declined to "revisit that now." With respect to Lloyd's motion, the court explained it did not understand the relief he was seeking. "[Y]ou say at one point that you want to add RDD, Inc., as the alter ego of the defendants. But at the same time, you say that RDD, Inc., does not exist." Lloyd responded, "They don't." When the court asked Lloyd "why would [he] want to add a nonexistent name to [his] judgment?" he answered, "Basically, these people have defaulted. I sold them shares on some property. They defaulted. I'm just trying to get them off the title. And they don't want to bother with this anymore." The court denied

4

the motion, stating it would not amend a judgment that it considered to be defective, and it would not "add as a judgment debtor a party that you acknowledge does not exist."

Lloyd timely appealed.

II.

DISCUSSION

Lloyd contends the trial court erred by denying his motion because it had the equitable authority to amend the judgment to add RDD, Inc., as a judgment debtor to prevent defendants from evading enforcement of the judgment. He also contends the trial court wrongly characterized the default judgment as a judgment to quiet title, and improperly denied the motion based on a perceived defect in the default judgment. We need not decide whether the trial court correctly characterized the default judgment as one quieting title. "A lower court order is presumed correct. [Citation.] Accordingly, a correct ruling will not be reversed simply because it may have been based on an incorrect reason. [Citation.]" (*Ceja v. Department of Transportation* (2011) 201 Cal.App.4th 1475, 1483.)

Not surprisingly, defendants filed no briefs in this court. "Because the responden[ts] did not appear in this appeal, we 'decide the appeal on the record, the opening brief, and any oral argument by the appellant.' (Cal. Rules of Court, rule 8.220(a)(2); [Citation].)" (*Galleria Plus, Inc. v. Hanmi Bank* (2009) 179 Cal.App.4th 535, 537, fn. 2.) "Nonetheless, [Lloyd] still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the

5

record and reverse only if prejudicial error is found.'" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)

As we explain below, the trial court lacked the authority to amend a default judgment to add a judgment debtor, and even if the court had such authority, Lloyd did not prove that RDD, Inc., is an alter ego of defendants. Therefore, the trial court correctly denied the motion.

A. *The Trial Court Correctly Denied Lloyd's Motion to Amend the Judgment to Add an Alter Ego Because It Lacked the Authority to Amend a Default Judgment*

As a threshold matter, the trial court correctly denied Lloyd's motion to amend the judgment because it lacked the authority to do so in this case. Generally speaking, "[a] trial court has the authority to amend a judgment in order to add additional judgment debtors. Code of Civil Procedure section 187 has often served as the basis for such an amendment of a judgment, pursuant to the alter ego doctrine. [Citations.] And, the general rule is that 'a court may amend its judgment at any time so that the judgment will properly designate the real defendants.'" (*Dow Jones Co. v. Avenal* (1984) 151 Cal.App.3d 144, 148-149.)

"The court may exercise its authority to impose liability upon an alter ego who had control of the litigation, and was therefore represented in it. [Citations.] The addition of a new party as judgment debtor stems from the concept of the alter ego doctrine, which is that an identity exists between the new party and the original party, whose participation in the trial leading to the judgment represented the newly added party. [Citation.] Therefore amending a judgment to add an alter ego does not add a new defendant but

6

instead inserts the correct name of the real defendant.  [Citations.]  In order to see that justice is done, great liberality is encouraged in the allowance of amendments brought pursuant to Code of Civil Procedure section 187." (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072-1073 (*Misik*).)

However, "[t]he ability under [Code of Civil Procedure] section 187 to amend a judgment to add a defendant, thereby imposing liability on the new defendant without trial, requires *both* (1) that the new party be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns.  The due process considerations are in addition to, *not in lieu of*, the threshold alter ego issues." (*Triplett v. Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1421; accord, *Toho-Towa Co. Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1106.)

"[B]ecause of due process concerns, a default judgment is not subject to such an amendment." (Ahart, Cal. Practice Guide:  Enforcing Judgments and Debts (The Rutter Group 2014) ¶ 6:1567, pp. 6G-75, citing *Motores De Mexicali v. Superior Court* (1958) 51 Cal.2d 172, 175-176 & *NEC Electronics, Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 779.)  "When a judgment is by default, the defendant did not have an opportunity to present a defense and amending the judgment would violate due process." (3 Cal. Trial Practice:  Civil Procedure During Trial (Cont.Ed.Bar 3d ed. 2014) Judgments, § 23.31, pp. 23-30.)

7

Lloyd obtained his judgment by default, so RDD, Inc., cannot be said to have controlled the defense in this case or to have had an opportunity to litigate its liability. Therefore, the trial court could not, consistent with due process, amend the judgment to add RDD, Inc., as a judgment debtor. Regardless of the reasons given by the trial court for denying Lloyd's motion, its ruling was correct.

B. *Even If the Trial Court Had the Authority to Amend the Judgment, It Correctly Denied Lloyd's Motion Because He Did Not Prove RDD, Inc.'s Alter Ego Status*

Even if amending Lloyd's default judgment to add an alter ego would not offend due process principles, the trial court correctly denied Lloyd's motion because he did not prove by a preponderance of the evidence that RDD, Inc., is defendants' alter ego.

"Code of Civil Procedure section 187 contemplates a noticed motion. The trial court is not required to hold an evidentiary hearing. [Citation.] Evidence in the form of declarations or deposition testimony is sufficient." (*Wells Fargo Bank, National Assn. v. Weinberg* (2014) 227 Cal.App.4th 1, 9 [Fourth Dist., Div. Two].) In the trial court, the moving party bears the burden of proving alter ego status by a preponderance of the evidence. (Evid. Code, § 115; *Wollersheim v. Church of Scientology* (1999) 69 Cal.App.4th 1012, 1014, 1015-1018; Ahart, Cal. Practice Guide: Enforcing Judgments and Debts, *supra*, ¶¶ 6:1572-6:1572a, pp. 6G-77 to 6G-78.) Whether the evidence presented in the trial court supports piercing the corporate veil to impose liability on an alter ego is primarily a question of fact, and is reviewed on appeal for substantial evidence. (*Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 512.)

8

"The first requirement for disregarding the corporate entity under the alter ego doctrine—whether there is sufficient unity of interest and ownership that the separate personalities of the individual and the corporation no longer exist—encompasses a series of factors. Among the many factors to be considered in applying the doctrine are one individual's ownership of all stock in a corporation; use of the same office or business location; commingling of funds and other assets of the individual and the corporation; an individual holding out that he is personally liable for debts of the corporation; identical directors and officers; failure to maintain minutes or adequate corporate records; disregard of corporate formalities; absence of corporate assets and inadequate capitalization; and the use of a corporation as a mere shell, instrumentality or conduit for the business of an individual. [Citation.] This list of factors is not exhaustive, and these enumerated factors may be considered with others under the particular circumstances of each case. '"No single factor is determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine."'" (*Misik*, *supra*, 197 Cal.App.4th at p. 1073.)

"The second requirement for application of the alter ego doctrine is a finding that the facts are such that adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice. [Citation.] The test for this requirement is that if the acts are treated as those of the corporation alone, it will produce an unjust or inequitable result. [Citation.]" (*Misik*, *supra*, 197 Cal.App.4th at p. 1073.)

9

Lloyd's declaration in support of his motion does not satisfy any of the factors demonstrating alter ego status. Lloyd declared that, when he tried to satisfy the default judgment against the named defendants, he learned "the property was owned by 'RDD, Inc.,' which represents the initials of each of the Defendants."[1] Lloyd declared that RDD, Inc., "exists," that it is located in Los Gatos, California, that its corporate agent is Dean Joseph Devicenzi, and that by "putting the name of another corporation" on the grant deed, "Defendants are frustrating my attempts to collect my Judgment against them." But, in his motion, his points and authorities in support of the motion, his statements to the trial court during the hearing, and his brief on appeal, Lloyd contradicts his declaration by stating, "RDD, Inc., *does not exist*." (Italics added.)

Moreover, Lloyd includes no facts in his declaration that demonstrate, by a preponderance of the evidence, that the named defendants control, are shareholders of, or commingled their personal funds with RDD, Inc., such that they should, in fairness, be considered one and the same. To the contrary, Lloyd declared that, even if RDD, Inc., does exist, "it was *not* an entity controlled by Defendants Rick Martinez et al." (Italics added.)

---

[1] The record belies Lloyd's assertion that he only learned about RDD, Inc.'s ownership of the property when he tried to enforce the judgment. Lloyd knew or should have known about RDD, Inc.'s ownership before he filed suit because the contract and grant deed attached to Lloyd's complaint clearly list RDD, Inc., as a purchaser of the property.

Because Lloyd did not establish by a preponderance of the evidence that RDD, Inc., is an alter ego of defendants, and that the corporate veil should be pierced to impose liability on RDD, Inc., the trial court correctly denied Lloyd's motion to amend the judgment.

## III.

## DISPOSITION

The postjudgment order is affirmed. No costs on appeal are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>RICHLI</u>
J.

<u>CODRINGTON</u>
J.