NOT FOR PUBLICATION

FILED

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CADENCE DESIGN SYSTEMS, INC., a
Delaware Corporation,

          Plaintiff-Appellant,

v.

ROGER VIERA,

          Respondent-Appellee,

 and

POUNCE CONSULTING, INC., a
California Corporation; POUNCE
CONSULTING, S.A. DE C.V., a Mexican
Sociedad Anonima de Capital Variable,

         Defendants.

No. 19-16761

D.C. No. 4:17-cv-04732-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted November 12, 2020[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,*** Chief District Judge.

Plaintiff-appellant Cadence Design Systems, Inc. obtained a default judgment in copyright litigation against defendants Pounce Consulting, Inc. (a United States entity) and Pounce Consulting, S.A. DE C.V. (a Mexico entity). Cadence moved to add respondent-appellee Roger Viera to the judgment pursuant to Federal Rule of Civil Procedure 69(a). The district court denied the motion and Cadence appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We have interpreted Rule 69(a) as "empower[ing] federal courts to rely on state law to add judgment-debtors[.]" *In re Levander*, 180 F.3d 1114, 1120–21 (9th Cir. 1999). We review de novo the district court's interpretation of state law in a diversity case. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003). Factual findings are reviewed for clear error. *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004).

California Code of Civil Procedure § 187 has been construed to provide courts with the authority to amend a judgment to add additional judgment debtors.

---

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

[1] We recount the facts only as necessary to resolve the issues on appeal.

2

*Id.* Section 187 gives courts "all the means necessary" to "carry . . . into effect" their jurisdiction, and, depending on the circumstances, courts have amended judgments to add alter ego defendants pursuant to § 187. *NEC Elecs. Inc. v. Hurt*, 256 Cal. Rptr. 441, 444 (Cal. Ct. App. 1989) (collecting cases). To satisfy due process concerns, the judgment creditor must show by a preponderance of the evidence that: (1) the new party is the alter ego of a named defendant; and (2) the new party "controlled the litigation, thereby having had the opportunity to litigate." *Katzir's Floor*, 394 F.3d at 1148 (quoting *In re Levander*, 180 F.3d at 1121); *Wollersheim v. Church of Scientology*, 81 Cal. Rptr. 2d 896, 897 (Cal. Ct. App. 1999).

1.      Viera argues California law does not permit a judgment creditor to add an alter ego to a judgment entered by default, but we agree with the district court that no such per se rule exists. California courts analyze this issue under the two-part test described above. *See, e.g.*, *Motores De Mexicali, S. A. v. Superior Court In & For Los Angeles Cty.*, 51 Cal. 2d 172, 173 (1958); *NEC*, 256 Cal. Rptr. at 444; *Wolf Metals Inc. v. Rand Pac. Sales, Inc.*, 209 Cal. Rptr. 3d 198, 202–03 (Cal. Ct. App. 2016). Sitting in diversity, we have interpreted § 187 the same way. *Katzir's Floor*, 394 F.3d at 1148.

2.	The district court's finding that Viera did not control the parties' litigation is supported by the record.[2]  Control may consist of "a combination of factors, usually including the financing of the litigation, the hiring of attorneys, and control *over the course of the litigation.*"  *NEC*, 256 Cal. Rptr. at 446 (emphasis added) (citation omitted).  "It is not sufficient that [the alter ego] supplies the funds for the prosecution or defense, that he appears as a witness or cooperates without having control."  *Minton v. Cavaney*, 56 Cal. 2d 576, 581 (1961) (quotations and citations omitted).

Here, Viera's and Llera's contradictory declarations are insufficient to show Viera's continued control by a preponderance of the evidence.  Cadence also fails to persuasively argue that Viera controlled the strategy to bring the motions to set aside the default judgment and to quash service.  The record indicates that Pounce Mexico decided to stop funding the litigation due to financial pressure, and Pounce USA's counsel withdrew because of Pounce USA's "prolonged failure to pay fees."  Cadence's request that the panel draw an inference from the timing of Pounce USA's default does not satisfy its burden.  Cadence briefly argues Viera personally financed the litigation, but Viera testified that Pounce Mexico was

---

[2]	Both elements of the two-part test must be met.  *Katzir*'s *Floor*, 394 F.3d at 1148.  Because the district court found Viera did not control the litigation, it did not reach whether Viera was the alter ego of the Pounce entities.

4

advancing funds for the litigation and that he "wasn't making payments." Finally, communications between Viera and counsel for the Pounce entities about the legal proceedings do not prove control. *NEC*, 256 Cal. Rptr. at 446 ("Surely every chief executive officer of a corporation is cognizant of claims asserted against the corporation.").

3.      We also agree with the district court that even if Viera controlled the litigation, Cadence failed to show Viera acted with a diligence corresponding to the risk of personal liability. *Katzir's Floor*, 394 F.3d at 1150 (citing *NEC*, 256 Cal. Rptr. at 444). Viera was not named as a party and Cadence did not show he was motivated to intervene. *NEC*, 256 Cal. Rptr. at 445. Pounce Mexico's actions to defend its corporate assets by ceasing to fund the litigation to preserve capital may have been different from actions Viera would take to defend his personal assets. And by the time the April 2019 Pounce USA board meeting minutes mentioned Viera retaining separate counsel, the magistrate judge had already recommended that default judgment be entered.

4.      Cadence argues the district court erred by faulting it for failing to raise Viera's liability when it filed a motion for entry of default in February 2019. Rather than adding to or misunderstanding the test, the district court's observation aligns with *Katzir's Floor*'s requirement that the proposed alter ego defendant

controlled the litigation and had the opportunity to litigate "in order to satisfy due process concerns." *Katzir's Floor*, 394 F.3d at 1148 (citation omitted).

**AFFIRMED.**

Plaintiff-appellant to bear costs.