Filed 12/17/20  Sophya K. v. Houth CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SOPHYA K.,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MENG C. HOUTH,<br><br>     Defendant and Appellant. | A160445<br><br>(Alameda County<br>Super. Ct. No. HF20048902) |

Respondent Sophya K. (wife) filed a request for a restraining order under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.) against her husband, Appellant Meng Houth (husband), based on verified allegations he had been physically abusing her on almost a daily basis since she had arrived from Cambodia to live with him some months earlier, and she feared for her own life as well as that of their infant, 15-month-old son.  "Every time we got into an argument," she wrote, her husband "found a way to hurt me by pinching, slapping, shouting or kicking me" and he would slap her whenever he was displeased with her, leaving red marks on her face.  She detailed several recent incidents of abuse, including slapping her so hard she fell to the ground (in July 2019); attacking her with a broom in front of their son when she was trying to clean the house (on October 5, 2019); shouting at her and slapping her, bringing her to tears,

1

after she saw him slap their son's hand so hard she was worried he would hurt the child (on October 7, 2019); and pinching her thigh so hard one morning (October 16, 2019) it left bruises and then telling her not to tell anyone, and that evening trapping her painfully in the backseat of their car by pushing his driver's seat all the way back so the seat dug into her, and then later, during an argument, grabbing and painfully pulling out her pubic hair.

Following a contested hearing with multiple witnesses, the trial court entered a domestic violence restraining order against husband, who now appeals. No respondent's brief has been filed.

We affirm.

## BACKGROUND

Consistent with the standard of review, we state the facts in the light most favorable to wife as the prevailing party.

The parties are Cambodian natives. Husband has been living in the United States since 2009. In February 2019, wife moved to the United States to live with him, and about nine months later, in mid-November 2019, she took their 15-month-old son and went to live with a cousin in Long Beach, California in order to escape her husband's abuse.

Wife initially sought and obtained a temporary domestic violence prevention order from the Los Angeles Superior Court, on December 13, 2019. She then dismissed the Los Angeles case without prejudice and initiated this action in Alameda County, on January 2, 2020, based on the verified allegations summarized above.

The trial court issued a temporary restraining order, and the matter proceeded to a contested hearing with multiple witnesses.

Husband has not summarized the evidence from the contested hearing as required, but has merely presented a selective and one-sided statement of facts based on portions of testimony taken out of context. (See Cal. Rules of Court, rule 8.204(2)(C); *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 558 [appellant's failure to provide a summary of significant facts in the record is a "flagrant violation of rule 8.204(2)(C)" and sanctionable].) Nevertheless, we have reviewed the record independently.

Generally stated, wife testified to a number of acts of physical and sexual abuse, explaining and elaborating upon the details of her verified application. She also was corroborated indirectly, in part, by her sister who testified that one time when she asked wife about a bruise she saw on wife's neck, wife told her it was a painful bruise caused by husband who was just "playing," but wife then became sad and depressed as if she were hiding something.[1] Wife also testified husband frequently threatened to get her deported and keep their child, and he also kept control over her identification paperwork (her passport and social security documents). There also was evidence that husband had caused red bruising on their baby's neck. Wife testified he told her he had sucked painfully on the baby's neck (which she described in her verified DVPA application as him having bitten the baby). Husband testified it was just a rash caused by icing on the child's birthday cake.

Husband denied all abuse in his testimony, and his brother testified that he had not witnessed one of the incidents in question (the slapping

_____

[1] Husband's summary of sister's testimony, in particular, is highly misleading. At page 9 of the opening brief, he omits the entire thrust of her brief testimony (both its actual substance and the reasonable inferences from her testimony), which is that she saw an injury on wife's neck and wife was upset and trying to conceal her husband's abuse.

3

incident on October 7, 2019, which, according to wife, the brother had overheard from another room following which he told her to call police).

At the conclusion of the hearing, the trial court expressly found wife credible based in part upon her demeanor on the witness stand. "Her demeanor while testifying," it observed, "strongly suggests that she has been subjected to emotional and physical abuse and corroborates her contentions, in the Court's view." It reasoned that the sister's testimony also corroborated wife's testimony, and although husband's brother also was credible, the scope of his testimony was "limited," and "[i]t may be that he didn't witness some of the events that [wife] described."

The court entered the requested restraining order, and this timely appeal followed.

## DISCUSSION

On appeal, we are required to presume that the challenged order of the lower court is correct, and the burden is on the appellant to demonstrate both that the trial court erred and also that the error was prejudicial. (See *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.) To meet this burden, " 'an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record,' " including by " 'explain[ing] how [the law] applies in his case.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 162 [treating appellate argument as forfeited].) " '[O]ne cannot simply say the court erred, and leave it up to the appellate court to figure out why.' " (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237.)

Our standard of review of a restraining order issued under the DVPA is well-settled. "Because 'a trial court has broad discretion in determining whether to grant a petition for a restraining order under [the DVPA],' we

4

review the trial court's decision to issue such a restraining order for an abuse of discretion. [Citation.] 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citation.] When reviewing a trial court's factual findings for substantial evidence we accept as true all evidence tending to establish the correctness of the trial court's findings, resolving every conflict in the evidence in favor of the judgment. [Citation.] 'Under the substantial evidence test, the pertinent inquiry is whether substantial evidence supports the court's finding—not whether a contrary finding might have been made.' [Citation.] 'The testimony of one witness, even that of a party, may constitute substantial evidence.' " (*In re Marriage of Ankola* (2020) 53 Cal.App.5th 369, 379-380.)

With these principles in mind, we turn to the issues.

First, husband challenges the admissibility of certain evidence: principally, a November 12, 2019 police report of abuse that was attached to one of wife's declarations.[2] He also challenges aspects of wife's testimony about abuse that he says exceeded the scope of her written DVPA restraining order application. Husband's challenges to the admission of all such evidence have been forfeited, however, because he did not object to any of this evidence below. (See, e.g., *In re Marriage of Davila and Mejia* (2018) 29 Cal.App.5th 220, 227; Evid. Code., § 353, subd. (a).) Furthermore, at the outset of the hearing husband's counsel stipulated to the admission of wife's declaration attaching the police report, and thereby also invited any error in its admission. (See, e.g., *People v. Fayed* (2020) 9 Cal.5th 147, 196-197 [objection

---

[2] She reported a variety of physical abuse to police, including that husband had tried to insert his finger in her vagina against her will.

to admission of photographs not cognizable on appeal where defense counsel consented to their use at trial].)  Even if we considered these evidentiary issues, moreover, we would not reverse the restraining order because husband has made no attempt to show that the admission of the police report (or wife's testimony on various topics), even if erroneous, "resulted in a miscarriage of justice." (Evid. Code, § 353, subd. b.)  On the contrary, wife testified at hearing that the police report accurately described the abuse that had taken place as well as her report to police on that occasion, and so the document itself was cumulative.

Next, husband argues the trial court applied the wrong burden of proof. Quoting the court's statement that "the standard of proof in Petitioner's burden here is simply to provide *reasonable* proof of acts of abuse" (italics added), and the court's finding that wife satisfied that standard, he argues the court failed to apply the preponderance of the evidence standard required by Evidence Code section 115.

There was no error.  The court's comments reflect nothing more than that it (correctly) applied the legal standard prescribed by the DVPA under Family Code section 6300.  That statute, which at page 20 of his appellate brief husband acknowledges applies here, states in relevant part:  "An order may be issued under this part to restrain any person for the purpose specified in Section 6220, if an affidavit or testimony and any additional information provided to the court pursuant to Section 6306, shows, to the satisfaction of the court, *reasonable proof of a past act or acts of abuse.*"  (Italics added.) Husband's argument mistakenly confuses the substantive legal standard applicable under the DVPA with the burden of proof the trial court used to evaluate the evidence.  Because the burden of proof was not placed at issue in the trial court, we assume the trial court properly applied the preponderance

6

of the evidence standard required by Evidence Code section 115. (See *Wollersheim v. Church of Scientology* (1999) 69 Cal.App.4th 1012, 1017.) It also is evident from our review of the hearing transcript that the court did so, and there is no indication in this record to the contrary.

Next, husband argues the trial court failed to assign proper weight to the testimony of the only eyewitness he called, his brother. The argument devolves into a more generalized attack on wife's credibility based on her having filed "four contradictory declarations prior to trial." Relatedly, he also argues the court erred by basing its decision on wife's demeanor at the hearing, and thus allowed the court's "emotions and sympathies for [wife] [to] cloud her vision of the evidence . . . which more than demonstrated that Appellant had not engaged in any abuse . . . ."

These arguments are insufficient to demonstrate error. We do not re-weigh evidence on appeal (*Conservatorship of S.A.* (2020) 57 Cal.App.5th 48, 270 Cal.Rptr.3d 827, 834) nor overturn a trial court's credibility determinations. (*In re I.B.* (2020) 53 Cal.App.5th 133, 156.) Moreover, husband has not summarized the content of the purportedly conflicting declarations and explained in what manner they conflicted with wife's testimony at the hearing. We also have reviewed the cited declarations; they recount a consistent tale of persistent abuse, and in no way undermine the trial court's factual determinations.

Finally, husband argues the restraining order was unnecessary because wife had permanently moved 400 miles away, to Southern California. His only objection on this basis below, however, was to the stay-away aspect of the order, not the personal conduct portion of the order prohibiting him from harassing, contacting and assaulting his wife and the like. Even had husband preserved this issue for appeal, we would conclude he has not met

his burden of demonstrating reversible error.  Citing *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275 (as well as an unpublished decision by this court applying *Konrad* which is improper (see Cal. Rules of Court, rule 8.1115(a))), he argues the applicable legal standard requires a showing of a "reasonable apprehension" of future abuse and here there was none, given wife's move to Southern California.  But the standard announced in *Konrad* applies to contested requests to *renew* a domestic violence restraining order, which is not involved here.  Family Code section 6300 "require[s] a showing of past abuse, not a threat of future harm" and "has been interpreted to permit a trial court 'to issue a protective order under the DVPA simply on the basis of an affidavit showing past abuse.' " (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.)  Husband cites no authority suggesting the trial court lacks discretion under the DVPA to issue a restraining order protecting a battered spouse simply because she has managed to escape to a distant locale that could make it geographically difficult for physical abuse to continue unabated.  Furthermore, the court ordered supervised visitation for father, and specifically ordered wife to accompany the child to the visits if they take place in Alameda County.  There are also ongoing divorce proceedings.  It thus is certainly possible, if not probable, the parties will encounter each other in the future.  And, of course, geographic distance is no obstacle to emotional abuse or harassment carried out by non-physical means (by email, text, phone and so forth).  The court did not abuse its discretion by issuing the restraining order despite wife's move to Southern California.

## DISPOSITION

The restraining order is affirmed.  Respondent shall recover her costs, if any.

8

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.

*Sophya K. v. Houth* (A160445)