[No. B224203. Second Dist., Div. Three. July 27, 2011.]

THOMAS MISIK, Plaintiff and Appellant, v.
THOMAS R. D'ARCO, Defendant and Respondent.

**COUNSEL**

Lurie & Park, Barak Lurie and Stephen J. Weaver for Plaintiff and Appellant.

Thomas R. D'Arco, in pro. per.; Law Offices of Steven Rein and Steven Rein for Defendant and Respondent.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

Plaintiff Thomas Misik appeals from an order denying his motion to amend the judgment to add defendant Thomas R. D'Arco to the judgment as a judgment debtor. The judgment had found Sayrahan Group, LLC (Sayrahan), liable for breach of contract. The motion to amend the judgment relied on the alter ego doctrine to argue that the trial court should find that D'Arco was the alter ego of Sayrahan and should hold D'Arco liable for the judgment. The trial court appears to have denied the motion to amend the judgment because it erroneously believed that procedural grounds precluded it from ruling on

that motion. We hold that Code of Civil Procedure section 187 authorizes a trial court to amend a judgment to add a judgment debtor who is found to be an alter ego of a corporate defendant. The alter ego doctrine does not require proof of fraud, and can be satisfied by evidence that adherence to the fiction of the separate existence of the corporation would promote injustice. Finally, a plaintiff's failure to allege the alter ego doctrine in the underlying lawsuit does not preclude a motion to amend the judgment. We reverse the order denying the motion to amend the judgment and remand with directions to the trial court to conduct new proceedings and make a factual determination whether the elements of the alter ego doctrine are satisfied and to rule on whether to grant the motion to amend the judgment to add Thomas R. D'Arco as a judgment debtor.

## FACTUAL AND PROCEDURAL HISTORY

At the behest of Martin Ballardo, Misik delivered $150,000 in exchange for two interest-bearing notes and deeds of trust. The notes identified Sayrahan as payor and promised Misik 12 percent interest payments commencing on May 17, 2007, and June 18, 2007, respectively. D'Arco signed the notes as chief executive officer of Sayrahan.

Misik had never before heard of Sayrahan, and thought he was lending directly to Ballardo. Misik had not spoken with D'Arco before lending the money, did not know that D'Arco owned Sayrahan, and did not know Sayrahan was going to issue promissory notes.

After delivering loan proceeds, Misik received several postdated checks representing interest payments. One of these checks was from D'Arco's personal account. Shortly thereafter Sayrahan stopped making payments on the notes. Misik demanded his money back from Ballardo and D'Arco, but they refused to pay him.

On July 22, 2008, Misik filed a complaint alleging breach of contract against Ballardo and Sayrahan and fraud against Ballardo and D'Arco. After a trial by the court, the court found that Sayrahan executed two promissory notes with Misik whereby Misik lent Sayrahan $150,000, promised to pay back the principal within two years and 12 percent annual interest, failed to pay Misik any of the principal due and owing under the notes, and owed 12 percent per annum interest on the principal as of April 2008. The trial court further found that Ballardo intentionally defrauded Misik, induced him to remit $150,000 to Sayrahan as a conduit for Ballardo's own financial gain,

and thereby obtained Misik's money under false pretenses. On November 4, 2009, the trial court entered judgment for Misik for breach of contract, and found Sayrahan liable to Misik for $150,000 plus 12 percent interest accruing from April 2008 through May 2009. The judgment found Ballardo liable to Misik for fraud in the amount of $150,000, but stated that D'Arco was not liable for fraud.

On January 15, 2010, Misik conducted a judgment debtor examination of Sayrahan through its principal, D'Arco. In the judgment debtor examination, D'Arco gave the following information about Sayrahan:

D'Arco always had 100 percent ownership of Sayrahan. D'Arco alone made all binding decisions for Sayrahan and no one else had the ability to make a decision that could bind Sayrahan. Other than D'Arco, Sayrahan never had any officers or employees.

No one ever prepared or kept corporate meeting minutes for Sayrahan.

Sayrahan never maintained any business address apart from D'Arco's residence, and never maintained any separate phone number from that of D'Arco. Sayrahan never had its own Web site.

Immediately after Misik delivered money to Sayrahan, Sayrahan's liabilities exceeded its assets. Since 2007, Sayrahan never had a month during which its account starting or ending balance exceeded $3,266.66, despite borrowing $150,000 from Misik in 2007.

Sayrahan's bank account had no money by the end of December 2009.

D'Arco showed a willingness to pay Sayrahan's debts, having submitted his personal check to Misik as part of the repayment checks Misik received. In his judgment debtor examination, D'Arco admitted that he "possibly, but rarely" paid Sayrahan's debts with other accounts.

On February 5, 2010, plaintiff Misik filed a motion to amend the judgment to add D'Arco as a judgment debtor, arguing that the facts showed that D'Arco was the alter ego of judgment debtor Sayrahan.

The trial court denied the motion on March 4, 2010.

Misik filed a notice of appeal from the March 4, 2010, order denying the motion to amend the judgment.

ISSUES

Misik claims on appeal that:

1. The trial court improperly refused to add D'Arco as a judgment debtor because it incorrectly found that plaintiff was required to file a new action to enforce the judgment against D'Arco as the alter ego of Sayrahan;

2. Substantial evidence supports holding D'Arco accountable for the judgment against Sayrahan as Sayrahan's alter ego;

3. D'Arco cannot deny that he controlled the underlying litigation; and

4. Allowing D'Arco to escape liability would work a severe injustice and thwart the purpose of the alter ego doctrine.

DISCUSSION

1. *The Order Denying the Motion to Amend Judgment Is an Appealable Order*

■ Code of Civil Procedure section 904.1, subdivision (b) makes an order made after an appealable judgment an appealable order, but not every postjudgment order is appealable. For a postjudgment order to be appealable, the issues raised in the appeal from the postjudgment order must be different from those arising in an appeal from the judgment. In addition, a postjudgment order must either affect the final judgment in some manner or bear some relation to it either by enforcing it or staying its execution. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 [25 Cal.Rptr.2d 109, 863 P.2d 179].)

The March 4, 2010, order denying Misik's motion to amend the judgment was entered after entry of the November 4, 2009, judgment, and was thus a postjudgment order. The appeal from the order raises issues different from issues arising from an appeal from the judgment. The order denying the motion to amend the judgment to add D'Arco as a judgment debtor as an alter ego of judgment debtor Sayrahan affects the final judgment by finally determining the rights and liabilities of the parties arising from the judgment. (*Lakin v. Watkins Associated Industries, supra,* 6 Cal.4th at p. 654.) Therefore the March 4, 2010, order denying plaintiff's motion to amend the judgment was an appealable order, from which Misik's appeal is properly taken.

2. *The Alter Ego Doctrine and the Standard of Review*

■ "[T]he conditions under which the corporate entity may be disregarded vary according to the circumstances in each case and the matter is

particularly within the province of the trial court. [Citations.] This is because the determination of whether a corporation is an alter ego of an individual is ordinarily a question of fact." (*Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 46 [163 Cal.Rptr. 377].) There are two requirements for disregarding the corporate entity: first, that there is a sufficient unity of interest and ownership between the corporation and the individual or organization controlling it that the separate personalities of the individual and the corporation no longer exist and, second, that treating the acts as those of the corporation alone will sanction a fraud, promote injustice, or cause an inequitable result. (*Webber v. Inland Empire Investments, Inc.* (1999) 74 Cal.App.4th 884, 900 [88 Cal.Rptr.2d 594].) "Both of these requirements must be found to exist before the corporate existence will be disregarded, and since this determination is primarily one for the trial court and is not a question of law, the conclusion of the trier of fact will not be disturbed if it is supported by substantial evidence." (*Alexander v. Abbey of the Chimes, supra,* 104 Cal.App.3d at p. 47; see *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 777 [256 Cal.Rptr. 441].)

> 3. *Pursuant to Code of Civil Procedure Section 187, the Trial Court Has Authority to Amend a Judgment to Add a Judgment Debtor Under the Alter Ego Doctrine*

"Code of Civil Procedure section 187 authorizes a trial court to amend a judgment to add judgment debtors."[1] (*Postal Instant Press, Inc. v. Kaswa Corp.* (2008) 162 Cal.App.4th 1510, 1517 [77 Cal.Rptr.3d 96].) The court may exercise its authority to impose liability upon an alter ego who had control of the litigation, and was therefore represented in it. (*Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1555 [49 Cal.Rptr.2d 286].) The addition of a new party as judgment debtor stems from the concept of the alter ego doctrine, which is that an identity exists between the new party and the original party, whose participation in the trial leading to the judgment represented the newly added party. (*Oyakawa v. Gillett* (1992) 8 Cal.App.4th 628, 631 [10 Cal.Rptr.2d 469].) Therefore amending a judgment to add an alter ego does not add a new defendant but instead inserts the correct name of the real defendant. (*Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.*, at p. 1555;

---

[1] The trial court appears to have denied the motion pursuant to Code of Civil Procedure section 187 in part because it believed Misik was required to bring a new complaint in a separate action against D'Arco to enforce a prior judgment against Sayrahan on an alter ego theory. While that is a possible remedy, Misik was not limited to that remedy and was entitled to make a motion pursuant to Code of Civil Procedure section 187 to amend the judgment to add a nonparty alter ego as a judgment debtor. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 419 [125 Cal.Rptr.3d 56].)

*NEC Electronics Inc. v. Hurt, supra,* 208 Cal.App.3d at p. 778.) In order to see that justice is done, great liberality is encouraged in the allowance of amendments brought pursuant to Code of Civil Procedure section 187. (*Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 508 [121 Cal.Rptr.3d 118].)

### 4. The Test for Application of the Alter Ego Doctrine

#### A. The Unity of Interest and Ownership Test for Whether an Individual Is the Alter Ego of a Corporate Entity

The first requirement for disregarding the corporate entity under the alter ego doctrine—whether there is sufficient unity of interest and ownership that the separate personalities of the individual and the corporation no longer exist—encompasses a series of factors. Among the many factors to be considered in applying the doctrine are one individual's ownership of all stock in a corporation; use of the same office or business location; commingling of funds and other assets of the individual and the corporation; an individual holding out that he is personally liable for debts of the corporation; identical directors and officers; failure to maintain minutes or adequate corporate records; disregard of corporate formalities; absence of corporate assets and inadequate capitalization; and the use of a corporation as a mere shell, instrumentality or conduit for the business of an individual. (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 811–812 [110 Cal.Rptr.3d 597].) This list of factors is not exhaustive, and these enumerated factors may be considered with others under the particular circumstances of each case. " 'No single factor is determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine.' " (*Id.* at p. 812.)

#### B. The Test for Whether Preserving the Separate Existence of the Corporation Will Sanction a Fraud or Produce an Unjust or Inequitable Result

The second requirement for application of the alter ego doctrine is a finding that the facts are such that adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice. (*Wood v. Elling Corp.* (1977) 20 Cal.3d 353, 365, fn. 9 [142 Cal.Rptr. 696, 572 P.2d 755].) The test for this requirement is that if the acts are treated as those of the corporation alone, it will produce an unjust or inequitable result. (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300 [216 Cal.Rptr. 443, 702 P.2d 601].)

5. *Misik Was Not Precluded from Bringing a Motion to Amend the Judgment*

A. *The Alter Ego Doctrine Does Not Require Proof of Fraud, and Can Be Satisfied by Evidence That Adherence to the Fiction of the Separate Existence of the Corporation Would Promote Injustice*

■ Although the record contains no statement of decision, the trial court appears to have denied the motion to amend the judgment, in part, because D'Arco recovered a favorable verdict in the fraud action, i.e., that because D'Arco was found not liable for fraud, the second element of the alter ego doctrine was not satisfied. This was error. "Application of the *alter ego* doctrine does not depend upon pleading or proof of fraud." (*Engineering etc. Corp. v. Longridge Inv. Co.* (1957) 153 Cal.App.2d 404, 415 [314 P.2d 563]; see *Claremont Press Pub. Co. v. Barksdale* (1960) 187 Cal.App.2d 813, 817 [10 Cal.Rptr. 214] (*Claremont Press*).) The doctrine can be invoked when adherence to the fiction of the separate existence of the corporation would promote injustice (*Shaoxing County Huayue Import & Export v. Bhaumik* (2011) 191 Cal.App.4th 1189, 1198 [120 Cal.Rptr.3d 303]) or bring about inequitable results (*Claremont Press*, at p. 817).

As occurred in the case at bench, in *Claremont Press* the trial court found the defendant not guilty of fraud. Yet actual fraud was not required to apply the alter ego doctrine. When the failure to recognize the unity of a corporation and an individual defendant would produce inequitable results, that was sufficient to apply the alter ego doctrine. *Claremont Press* determined that preserving the separate entity of the corporation—refusing to find that the corporation was the alter ego of the individual defendant—would allow that individual defendant and a business partner to receive printing services provided by the plaintiff without paying for them. This injustice and inequity was "enough to meet the test" and *Claremont Press* affirmed a judgment holding the defendant personally liable for the debts of a corporation. (*Claremont Press, supra*, 187 Cal.App.2d at p. 817.)

B. *The Failure to Allege the Alter Ego Doctrine in the Underlying Lawsuit Does Not Preclude a Motion to Amend the Judgment*

■ The trial court also appears to have denied the motion to amend the judgment, in part, because Misik did not allege the alter ego doctrine in the underlying lawsuit. Code of Civil Procedure section 187, however, does not require that the ground for such a motion be alleged and proved before entry

of judgment. (*Greenspan v. LADT LLC, supra,* 191 Cal.App.4th at p. 517; *First Western Bank & Trust Co. v. Bookasta* (1968) 267 Cal.App.2d 910, 915 [73 Cal.Rptr. 657].) A court may amend its judgment so it will properly designate the real defendants at any time (*Alexander v. Abbey of the Chimes, supra,* 104 Cal.App.3d at p. 45), including after judgment (*Greenspan v. LADT LLC,* at p. 517).

We therefore reverse the order denying the motion to amend the judgment, and remand the matter for the trial court to conduct further proceedings on that motion and to make a factual determination on whether the evidence shows that D'Arco was the alter ego of Sayrahan and whether D'Arco should be added as a judgment debtor to the judgment for breach of contract.

### 6. *A Court Can Impose Liability Under a Judgment on an Alter Ego Who Has Control of the Litigation*

As we have stated, a court has authority to impose liability under a judgment on an alter ego who has control of the litigation. (*Alexander v. Abbey of the Chimes, supra,* 104 Cal.App.3d at p. 45.) Amendment of a judgment to add an alter ego is a proper procedure where it can be shown that the alter ego of the corporate entity had control of the litigation and was virtually represented in the lawsuit. (*NEC Electronics Inc. v. Hurt, supra,* 208 Cal.App.3d at p. 778.) Misik presented evidence as follows: D'Arco, an attorney, filed answers to the complaint on behalf of himself and on behalf of Sayrahan; the same attorney, Steven Rein, represented Sayrahan and D'Arco in trial and in postjudgment proceedings; Sayrahan and D'Arco submitted a joint defense; and D'Arco testified at trial as a witness on his own behalf and on behalf of Sayrahan. Even though another defendant, Ballardo, had his own counsel, that would not preclude the court from making a finding that D'Arco controlled the litigation as the alter ego of Sayrahan. The trial court may also make a factual finding regarding this issue.

### DISPOSITION

The order is reversed and the matter is remanded with directions to the trial court to vacate the order denying the motion to amend the judgment, to conduct further proceedings on plaintiff's motion to amend the judgment, and to make a factual determination on whether the evidence is sufficient to show that defendant Thomas D'Arco was the alter ego of Sayrahan Group, LLC,

and whether Thomas D'Arco should be added as a judgment debtor to the judgment for breach of contract. Costs on appeal are awarded to plaintiff Thomas Misik.

Klein, P. J., and Croskey, J., concurred.

On August 9, 2011, the opinion was modified to read as printed above.