Filed 1/21/15  Lim v. Pak CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRADFORD LIM, | B255771 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC503182) |
| v. | |
| KYUNG W. PAK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ruth Ann Kwan, Judge.  Affirmed.

Bradford Lim, in pro. per., for Plaintiff and Appellant.

Kim, Park, Choi & Yi, Tony K. Kim and Michael Y. Yi for Defendants and Respondents.

Plaintiff and appellant Bradford Lim appeals from the judgment of dismissal after the court sustained without leave to amend the demurrer of defendants and respondents Kyung W. Pak[1] and Peter Park to Lim's second amended complaint. We conclude that Lim failed to state a viable cause of action against Pak and Park, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Lim is the assignee of U.S. Portable Energy Corporation (US Portable). US Portable apparently sold quantities of butane to an entity known as Sunmax, LLC (Sunmax). Although Sunmax initially made payments to US Portable, it ultimately fell behind on its obligations, and owes US Portable nearly $100,000 for butane it received.

Lim was assigned US Portable's rights to proceed against Sunmax on the debt. On March 18, 2013, Lim, acting in pro. per., brought suit against Sunmax, seeking to recover the unpaid amounts. Lim also brought suit against the individual defendants, Pak and Park, alleging that they were liable for Sunmax's breaches – either by means of Park's personal guaranty, or as alter egos of Sunmax.

Pak and Park demurred to the complaint. Their demurrer was sustained with leave to amend.[2] Lim filed his first amended complaint, alleging four causes of action: breach of written contract; goods sold and delivered; account stated; and breach of personal guaranty against Park. Pak and Park again demurred. As to the allegations that Pak and Park were liable for Sunmax's breaches as alter egos, Pak and Park argued that Lim's factual allegations were inadequate. As to the cause of action for breach of a personal guaranty against Park, Park argued that the cause of action was for breach of

---

[1]   There is some suggestion in the record that Kyung W. Pak's last name is, in fact, Park, and that he was erroneously sued as Pak. Nonetheless, in their respondents' brief on appeal, defendants continue to refer to this defendant by the name Pak. We follow the convention of the parties.

[2]   Neither the initial complaint nor the proceedings related to the initial demurrer are part of the record on appeal, which commences with the first amended complaint.

an *oral* guaranty, which is not actionable in California.  The demurrer was sustained with leave to amend.

On October 30, 2013, Lim filed his second amended complaint, the operative complaint.  It alleged three causes of action:  (1) breach of an oral contract, between US Portable, Sunmax, and Park (for which Park and Pak were also liable as Sunmax's alter ego); (2) goods sold and delivered; and (3) account stated.

Pak and Park again demurred.  As to the allegations of alter ego, Pak and Park argued that Lim added no relevant factual allegations to his prior complaint.  As to the allegations that Park breached an "oral contract," Park argued that this was simply an attempt to reallege Lim's improper cause of action for breach of an oral guaranty.

After briefing, the trial court issued a tentative ruling sustaining the demurrer.  The minute order for the hearing indicates that the parties submitted on the court's tentative.  The court then sustained the demurrer without leave to amend.  Pak and Park served notice of ruling.  Lim filed a declaration in opposition to the notice of ruling, stating that he never submitted on the tentative, and requesting an opportunity to have oral argument on the demurrer.  Thereafter, the trial court issued its order sustaining the demurrer without leave to amend, and dismissing the action against Pak and Park.  Lim filed a timely notice of appeal.

Lim's action was set to proceed against Sunmax.  However, after Pak and Park were dismissed from the instant action, Lim voluntarily dismissed Sunmax without prejudice.  It appears that, prior to the time the initial complaint was filed, Sunmax had filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  Although Lim attempts to provide several excerpts from the purported bankruptcy petition as an exhibit to his reply brief on appeal, no evidence regarding the bankruptcy filing is properly before this court.  Nonetheless, it is undisputed that the debt at issue in this case was not discharged in bankruptcy.  The current status of Sunmax, as an entity, is unclear.  Lim attached to the operative complaint a document purportedly showing that

3

Sunmax's official status[3] was "canceled."  In their respondent's brief on appeal, Pak and Park represent that Sunmax was wound down through the bankruptcy proceeding.

## ISSUES ON APPEAL

There are three issues on appeal:  (1) whether Lim was improperly denied oral argument on the demurrer to the operative complaint; (2) whether Lim's complaint sufficiently alleged alter ego liability; and (3) whether Lim's complaint sufficiently alleged breach of personal guaranty against Park.

## DISCUSSION

### 1.  *Lim Has Not Established Error In The Purported Denial of Oral Argument*

Lim asserts that the trial court improperly denied him the opportunity to be orally heard on the demurrer to his second amended complaint.  Lim states that the court's minute order, indicating that he submitted on the court's tentative, is erroneous.  But, it is the appellant's burden to provide an adequate record on appeal.  To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  The minute order for the hearing on the demurrer indicates that the matter was called for hearing and counsel[4] submitted on the court's tentative.  To the extent Lim sought to challenge the accuracy of the minute order, he was required to provide this court with a record of the proceedings.  As no court reporter was present, Lim could have obtained an agreed statement or a settled statement.  (Cal. Rules of Court, rule 8.120(b).)  As he failed to do either, Lim has failed to establish that he did not, in fact, submit on the court's tentative.  As such, he has failed to establish error.

---

[3]    The document was purportedly obtained from the California Secretary of State. The document does not indicate exactly what about Sunmax was canceled.

[4]    The minute order identifies Lim as counsel for himself.

2.	*Lim's Allegations of Alter Ego Liability are Insufficient to Survive Demurrer*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]"[5] (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

" 'Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations. [Citations.]' [Citation.] '[T]he corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require.' [Citation.] Before a corporation's obligations can be recognized as those of a particular person, the requisite unity of interest and inequitable result must be shown. [Citation.] These factors comprise the elements that must be present for liability as an alter ego." (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 411.) To properly plead alter ego, a plaintiff "must allege sufficient facts to show a unity of interest and ownership, and an unjust result if the corporation is treated as the sole actor." (*Id.* at p. 415.)

---

[5]	On appeal, Lim argues that the operative complaint was sufficient; he does not suggest that he can amend the complaint to better allege alter ego.

Assuming, without deciding, that Lim sufficiently alleged unity of interest and ownership[6] between Sunmax and Pak,[7] we conclude that Lim failed to sufficiently allege the second element. "The second requirement for application of the alter ego doctrine is a finding that the facts are such that adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice. [Citation.] The test for this requirement is that if the acts are treated as those of the corporation alone, it will produce an unjust or inequitable result. [Citation.]" (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1073.) "Difficulty in enforcing a judgment does not alone satisfy this element. [Citation.] There also must be some conduct amounting to bad faith that makes it inequitable for [the individual] to hide behind the corporate form. [Citation.]" (*Leek v. Cooper, supra,* 194 Cal.App.4th at p. 418.) The requirement can be met by allegations that, for example, adherence to the fiction of the separate existence of the entity would allow the individual to receive goods or services provided by the plaintiff, without paying for them. (*Misik v. D'Arco, supra,* 197 Cal.App.4th at p. 1074.)

In this case, there are no such allegations. While Lim alleges that Sunmax received butane from US Portable without paying for it, he *at no point* alleges that Pak or Park *actually received* or *benefitted from* that butane, and it would therefore be inequitable to allow them to avoid paying for it. He does not allege that Pak and/or Park were the actual purchasers of the butane, using Sunmax only as a shell. He does not allege that the butane, or the profits from it, were improperly transferred to Pak and/or Park. To be sure, there is some suggestion – fleshed out in Lim's briefing but not his complaint – that Pak and Park "converted assets" from Sunmax to Pak or Eden Marketing, a corporation allegedly owned by Pak. Indeed, Lim argues, in his reply

---

[6] Whether unity of interest exists is a factual determination which depends on the unique circumstances of each case. (*Leek v. Cooper, supra,* 194 Cal.App.4th at p. 418.)

[7] Although Lim alleges that both Pak and Park were in an alter ego relationship with Sunmax, Lim alleges that Pak was the majority shareholder and CEO of Sunmax, and hid behind Sunmax's nominal president, Park.

6

brief, that "one of the essences of alter ego" in this case is that it "could be very easy" for Pak to convert the assets of Sunmax to Eden Marketing. But there is no allegation that any conversion of assets related to the US Portable transactions at issue in this case. Moreover, any allegation of conversion of assets to Eden Marketing is simply irrelevant; Lim did not name Eden Marketing as a defendant in this case and does not allege that Eden Marketing is an alter ego of Sunmax (or Pak). In the absence of any allegation that it would be inequitable to respect the individual existence of Sunmax, Lim's allegations of alter ego necessarily fail.[8]

3.  *Lim's Allegations of Breach of Personal Guaranty Against Park are Insufficient*

In his first amended complaint, Lim alleged a cause of action against Park for breach of oral personal guaranty. Park's demurrer to this cause of action was sustained on the basis that California does not recognize a cause of action for breach of an *oral* guaranty. (Civ. Code, §§ 2787, 2793; see also Civ. Code, § 1624, subd. (a)(2).) Impliedly conceding the correctness of this ruling, Lim attempted to solve the problem by changing the title of the cause of action from breach of oral personal guaranty to breach of oral contract. In the operative complaint, Lim combined his causes of action for breach of contract against Sunmax and breach of personal guaranty against Park in a single cause of action for breach of oral contract. In the cause of action, Lim specifically alleges that Park "personally promised he would take responsibility of the amount [owed] for the products if his company, Sunmax, become something wrong." Lim specifically alleged that this was an "oral promise." As such, to the extent the cause of action for breach of oral contract seeks to pursue Park on his oral guaranty, it is again a cause of action for breach of an oral guaranty, which cannot be pursued in

---

[8]  Both before the trial court and on appeal, Lim argues that discovery will enable him to learn the necessary facts. Yet this case was pending for more than one year, and Lim either failed to engage in discovery or learned nothing helpful to his case from the process. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶¶ 8:58 to 8:59, pp. 8B-13 to 8B-014 (rev. #1, 2013) [discovery can be conducted even when a demurrer has been sustained with leave to amend].)

7

California.  (See *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370 [in reviewing a ruling on demurrer, we focus on the factual basis for relief, not the title of the cause of action].)

### *DISPOSITION*

The judgment is affirmed.  Pak and Park shall recover their costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

LAVIN, J.[*]

WE CONCUR:

EDMON, P. J.

KITCHING, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.