Filed 6/26/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MSY TRADING INC., et al., | |
| Plaintiffs and Appellants, | G057093 |
| v. | (Super. Ct. No. 30-2016-00852630) |
| SALEEN AUTOMOTIVE, INC., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, David R. Chaffee, Judge. Affirmed.

Law Offices of Robert W. Cohen and Robert W. Cohen for Plaintiffs and Appellants.

The Walker Law Firm, Joseph A. Walker and Stephen M. Lewis for Defendants and Appellants.

\* \* \*

This case presents a subtle question concerning entitlement to attorney fees, which appears to be a question of first impression. The scenario is this: In a separate lawsuit filed in the Riverside Superior Court, plaintiffs obtained a judgment for breach of contract, including an award of attorney fees, against certain entities not parties to the present suit. Plaintiffs filed the present enforcement action against defendants, seeking to hold them liable on the judgment as alter egos of the judgment debtors. Plaintiffs lost against one of the defendants, Steve Saleen (Steve).[1] Steve moved for attorney fees under the contract. The court granted the motion and plaintiffs appealed.

Plaintiffs contend this is not an action on the contract and, therefore, fees are unavailable under Civil Code section 1717. Instead, it is an enforcement action. They cite caselaw for the proposition that a judgment on the contract subsumes and extinguishes contractual rights. On the other hand, had plaintiffs included Steve as a defendant in the Riverside suit, making the exact same alter ego allegations they make here, undoubtedly Steve would have been entitled to contractual attorney fees under the doctrine of reciprocity established by Civil Code section 1717 and *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds Metals*), even though he was not a signatory on the contract.

We conclude Steve has the better argument. The timing of an alter ego claim—either prejudgment or postjudgment—is too arbitrary a consideration on which to base the right to attorney fees. When a judgment creditor attempts to add a party to a breach of contract judgment that includes a contractual fee award, the suit is essentially "on the contract" for purposes of Civil Code section 1717.

In a cross-appeal, defendants contend the court lacked jurisdiction to hear this case under the doctrine of exclusive concurrent jurisdiction, and that, in any event, Code of Civil Procedure section 685.040 did not permit plaintiffs to recover fees from the

---

[1] To avoid confusion, we refer to Steve Saleen by his first name because his business entities bear his last name.

defendant that the court found was the alter ego of the judgment debtors. We conclude the cross-appeal lacks merit. Accordingly, we affirm the judgment in full.

FACTS

Plaintiff MSY Trading Inc., is a Japanese company in the business of importing and exporting vehicles. Plaintiff KIC Trading Inc., is MSY Trading's representative and handles all of the logistics in the United States.

Steve is in the business of selling supercharged cars under the Saleen brand. Steve is the chief executive officer of defendant Saleen Automotive Inc., (Saleen Automotive). Steve is also the chief executive officer of Saleen Signature Cars, which is wholly owned by Saleen Automotive.

In 2012, plaintiffs filed suit in Riverside Superior Court against an entity called SMS Retail Corona for breach of contract (the Riverside Action). SMS Retail Corona was an entity in the Saleen family of companies. Plaintiffs alleged they purchased a Saleen vehicle whose engine stopped working after being driven only 50 miles.

In January 2014, the Riverside Action settled. The settlement agreement required SMS Retail Corona and its parent company, SMS Signature Cars, Inc., to pay $112,500 pursuant to a payment schedule. In the event payments were not made as scheduled, the settlement agreement entitled plaintiffs to a stipulated judgment against SMS Retail Corona, SMS Signature Cars, Inc., *and* against Saleen Automotive. However, whether by inadvertence or otherwise, Saleen Automotive was not a signatory to the settlement agreement. The settlement agreement further provided, "in the event of any legal action or proceeding brought by either party hereto against the other arising out of this Agreement, the prevailing party shall be entitled to recover its costs and attorney's fees incurred in such legal action or proceeding."

3

The settling defendants made initial payments pursuant to the payment schedule but stopped paying with a $67,000 balance. Plaintiffs moved to enforce the settlement agreement in the Riverside Action, seeking the balance plus $1,590 in attorney fees pursuant to the settlement agreement. In October 2014, the court entered judgment in that amount against SMS Retail Corona and SMS Signature Cars, Inc.

In February 2016, plaintiffs filed a motion in the Riverside Action to amend the judgment to add Saleen Automotive, Saleen Signature Cars, and Steve to the judgment as alter egos of the judgment debtors. The court granted the motion as to Saleen Signature Cars, as it was undisputed that it was the same entity as SMS Signature Cars (it was simply renamed), which was already a judgment debtor. However, the court denied the motion *without prejudice* as to Steve and Saleen Automotive.

Plaintiffs filed the present lawsuit in May 2016, seeking to hold Steve and Saleen Automotive liable on the Riverside judgment as alter egos of the judgment debtors. After a bench trial, the court ruled that Saleen Automotive was the alter ego of the judgment debtors, but that Steve was not. The court entered judgment on April 23, 2018. Although the court made findings calculating the damages, it left blanks for both the amount of damages, as well as the costs.[2]

Afterward, both Steve and plaintiffs moved for their attorney fees. After several rounds of briefing, the court granted both parties' their attorney fees.

As to Steve's motion, the court held Steve was entitled to fees pursuant to Civil Code section 1717. Although the court acknowledged the present suit is not for breach of contract, it reasoned that equitable considerations supported application of Civil Code section 1717. "If Plaintiffs had succeeded here in their effort to enforce the judgment against Defendant Steve . . ., Defendant [Steve] would have become liable for the underlying judgment and for the attorney fees that are included in the judgment,

---

[2] There is no explanation in the record for why the court left the amount of damages blank. It may have been inadvertence.

4

which were awarded pursuant to the fee provision that was included in the underlying settlement agreement in the Riverside case. The judgment itself, in other words, included attorney fees based on a contract, and Defendant [Steve] would have been liable for payment of those contractual fees." The court awarded Steve $36,910 in fees.

As to plaintiffs' motion, the court held that fees were recoverable under both Civil Code section 1717, as well as Code of Civil Procedure section 685.040 (permitting an award of fees in enforcement of judgment based on contract if the judgment included a contractual fee award). The court awarded plaintiffs $90,365.

The court entered the foregoing order on September 27, 2018, and the clerk served the parties the same day. On November 8, 2018, the court entered a first amended judgment that included the calculation of damages from the initial judgment, as well as a calculation of additional interest since entry of the judgment, and the fees and costs awarded. Plaintiffs filed their notice of appeal on December 3, 2018. Defendants filed their notice of cross-appeal on December 12, 2008.

DISCUSSION

I. *Timeliness*

As an initial matter, plaintiffs claim the cross-appeal is untimely. They argue that the court's order awarding attorney fees is a postjudgment order. (See Code Civ. Proc., § 904.1, subd. (a)(2).) As such, the time to appeal ran from the date the order was entered, September 27, 2018. (See Cal. Rules of Court, rule 8.104(e) [for purposes of calculating appeal deadlines, "'judgment' includes an appealable order if the appeal is from an appealable order"].) Sixty days from then was November 26, 2018. (Cal. Rules of Court, rule 8.104(a)(1)(A) [60-day deadline to appeal from clerk's service of a "notice of entry" of order, or a file-stamped copy of the order].) Defendants filed their notice of cross-appeal on December 12, 2008.

5

Somewhat ironically, if plaintiffs are correct, their own appeal (filed December 3, 2018) is untimely too.

Fortunately for both parties, the September 27, 2018, order, though it was served on the parties the same day, was neither file stamped nor entitled "notice of entry." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 [minute order that was neither file stamped nor entitled "notice of entry" was insufficient to trigger 60-day appeal deadline].) As a result, the 60-day deadline to appeal is inapplicable. Instead, the 180-day deadline applies and both appeals are timely. (Cal. Rule of Court, rule 8.104(a)(1)(C).)

## II. Plaintiffs' Appeal

Plaintiffs contend there was no statutory basis for an award of attorney fees to Steve. They argue Civil Code section 1717 did not apply here because this was not an action "on a contract." Instead, plaintiffs contend this was an enforcement action, and the only relevant fee provision is Code of Civil Procedure section 685.040, which permits the judgment *creditor* to recover fees where the underlying judgment included a contractual award of attorney fees. Unlike Civil Code section 1717, which ensures contractual fee provisions apply to both parties, Code of Civil Procedure section 685.040 is a one-way street. Plaintiffs' contention raises a question of statutory interpretation that we review de novo. (*1901 First Street Owner, LLC v. Tustin Unified School Dist.* (2018) 21 Cal.App.5th 1186, 1192.)

We conclude the court reached the right result. While plaintiffs' argument has facial appeal, we nevertheless hold that this was an action on the contract.

We begin with the observation that if plaintiffs had brought the exact same allegations against Steve in the original Riverside Action, and Steve had prevailed, Steve certainly would have been entitled to recover attorney fees. This was the holding in *Reynolds Metals, supra,* 25 Cal.3d 124.

6

In *Reynolds Metals* the plaintiffs sued defendants as the alter egos of the makers of a promissory note. (*Reynolds Metals*, *supra*, 25 Cal.3d at p. 127.) Plaintiffs did not sue the makers because they were insolvent. (*Ibid.*) The alter ego defendants prevailed, and the court awarded their attorney fees based on a provision in the promissory note, though they were not parties to the promissory note. (*Ibid.*) Reasoning from the intent of Civil Code section 1717, which is to ensure mutuality in the availability of attorney fees, our high court held that "[i]ts purposes require [Civil Code] section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Id.* at p. 128; see *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 823 ["It is well settled a breach of contract claim based on an alter ego theory is still a claim on the contract and a nonsignatory that successfully defends against the claim may recover its attorney fees under [Civil Code] section 1717"].)

Reynolds Metals* illustrates one of a few procedural vehicles available to a party asserting alter ego liability. The first option is to sue the alter ego directly in an action for breach of contract, as occurred in *Reynolds Metals*. Another is to first obtain a judgment for breach of contract against the signatories to the contract, followed by a motion to amend the judgment to add the alter egos as defendants. (See *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1074-1075; Code Civ. Proc., § 187.) Still another is, after obtaining a judgment against the signatories, to institute an independent action against the alter egos, which is the option plaintiff chose here. (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 288 ["As an alternative to filing a [Code of Civil Procedure] section 187 motion to add a judgment debtor to a judgment, the judgment creditor may file an independent action on the judgment, alleging that the proposed judgment debtor was an alter ego of an original judgment debtor"].)

These different procedural vehicles, however, are identical in *substance*: in all three, the proof of alter ego is the same.

Yet according to plaintiffs' argument, a remedy of attorney fees should be available when a plaintiff includes the alleged alter ego in the initial lawsuit, but not when the plaintiff pursues the exact same alter ego claim postjudgment.

We disagree. All of the considerations that led *Reynolds Metals* to permit an alleged alter ego to claim attorney fees under a contract are equally applicable to a postjudgment, independent action to establish alter ego liability. As the trial court observed, if plaintiffs had prevailed in their action to deem Steve an alter ego of the judgment debtors, Steve would have been liable for the attorney fee award that was a component of the Riverside judgment. Under the principles of mutuality that inform Civil Code section 1717, Steve was entitled to fees as the prevailing party.

This is true notwithstanding the principle that "'[g]enerally, when a judgment is rendered in a case involving a contract that includes an attorney fees and costs provision, the "judgment extinguishes all further contractual rights, including the contractual attorney fees clause."'" (*Cardinale v. Miller* (2014) 222 Cal.App.4th 1020, 1026.) That rule is certainly true in general, but not as to an alter ego claim. The reason an alter ego can be added to a judgment is because, in the eyes of the law, the alter ego *was* a party, albeit by a different name. (See *Misik v. D'Arco*, *supra*, 197 Cal.App.4th 1065, 1075 ["Amendment of a judgment to add an alter ego is a proper procedure where it can be shown that the alter ego of the corporate entity had control of the litigation and was virtually represented in the lawsuit"].) To give effect to the principles inherent in *Reynolds Metals* and Civil Code section 1717, we employ a similar analysis for a prevailing alleged alter ego: it is as though the alleged alter ego *was* a party to the original lawsuit, and prevailed. Consequently, a postjudgment, independent action to establish alter ego liability for a judgment on a contract is itself an action on the contract.

8

If the rule were otherwise, wasteful proceedings would be incentivized. Suppose a party is owed money on a note that contains an attorney fee clause, but the maker of the note is insolvent. If the note holder identifies an alter ego who can satisfy the debt, the efficient approach would be to sue the alter egos directly for breach of contract, as occurred in *Reynolds Metals*—why waste the resources of the parties and the court on a judgment-proof party? If Civil Code section 1717 only applies to prejudgment alter ego actions, however, the holder of the note would be incentivized to first sue the penniless maker of the note, obtain a judgment, then sue the alter ego in a subsequent enforcement proceeding. That way Code of Civil Procedure section 685.040 would ensure the holder of the note can obtain fees, but, in the event the alter ego claim fails, be immune from the alleged alter ego's claim for fees. This result serves no valid purpose and highlights the arbitrariness of awarding fees—or not—simply based on the timing of the alter ego claim. Instead, the better approach is to regard an alter ego claim as being on the contract under Civil Code section 1717 regardless of which procedural vehicle the plaintiff employs. The court did so here. We affirm that ruling.

### III. Cross-appeal

In the cross-appeal, Steve and Saleen Automotive contend the court lacked jurisdiction to hear this matter under the doctrine of exclusive concurrent jurisdiction. They also contend Code of Civil Procedure section 685.040 does not authorize an award of fees to plaintiffs against Saleen Automotive. We review both the jurisdictional claim and the interpretation of a statute de novo. We are not persuaded.

"The established rule of 'exclusive concurrent jurisdiction' provides that where two (or more) courts possess concurrent subject matter jurisdiction over a cause, the court that first asserts jurisdiction assumes it to the exclusion of all others, thus rendering 'concurrent' jurisdiction 'exclusive' with the first court." (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1175.)

9

"'Justification for the rule [of exclusive concurrent jurisdiction] rests on practical considerations. If the identical cause of action is asserted by the same plaintiff in two suits, there is no doubt that the first court has priority, but this can rarely happen. What does happen is that parties to the same controversy or transaction . . . file separate suits on their individual causes of action, usually against each other. *Although their claimed rights and therefore their alleged causes of action are distinct, the issues are substantially the same, and individual suits might result in conflicting judgments.* The rule of priority is designed to avoid the unfortunate result[s] of these conflicts by requiring, in effect, a *consolidation* of the separate actions in the court in which jurisdiction of the parties first attached.'" (*Ibid.*)

There is a very simple reason why this doctrine has no application here: there was nothing pending in any other court that could result in a conflicting judgment. Plaintiffs contend the doctrine applies because the Riverside Superior Court retained jurisdiction over the settlement agreement pursuant to Code of Civil Procedure section 664.6.[3] But that only means the Riverside Superior Court *could* exercise jurisdiction without requiring a separate action on the settlement agreement. It does not mean it is the *only* court with jurisdiction to adjudicate the settlement agreement. There is nothing remarkable about the fact that there are multiple suitable venues for a claim.

Defendants' second argument goes something like this: Code of Civil Procedure section 685.040 only permits fees where the underlying judgment includes an award of contractual attorney fees. Here, Saleen Automotive was deemed the alter ego of Saleen Signature Cars. Saleen Signature Cars was the entity the Riverside Superior Court

---

[3]     Which provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

added to the judgment pursuant to a motion to amend the judgment in March 2016. The order amending the judgment, however, did not itself award attorney fees. Defendants conclude, "Carried over to this current action, then, the Appellants are entitled to NO attorney fees!" Aha!

Except there is a rather glaring flaw in this analysis: Saleen Signature Cars was added to a judgment that does contain an award of contractual attorney fees. The amended judgment did not eliminate the prior judgment, it simply added a party. Thus Code of Civil Procedure section 685.040 applied.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs incurred on appeal.

IKOLA, J.

WE CONCUR:

ARONSON, ACTING P. J.

FYBEL, J.

11