

**FILED**

APR 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BANK OF MONTREAL, | No. 12-16983 |
| Plaintiff - Appellee, | D.Ct. No. 5:11-mc-80133-EJD |
| v. | |
| FREDERICK SCOTT SALYER, as Trustee for the Scott Salyer Revocable Trust, and in his individual capacity, | MEMORANDUM[*] |
| Respondent - Appellant, | |
| and | |
| SK FOODS LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RAWLINSON and FRIEDLAND, Circuit Judges, and MARSHALL, Senior District Judge.[**]

Appellant Frederick Scott Salyer (Salyer) challenges the district court's denial of a request to transfer the action to bankruptcy court, denial of a stay, and amendment of a judgment to add Salyer and his trust as judgment debtors.

The district court did not abuse its discretion in denying Salyer's request to transfer the action to bankruptcy court. The district court properly held that the first-to-file rule did not preclude amendment of the judgment because the consolidated bankruptcy action did not directly involve SK Foods, LLC. Given the difference in parties, it was not clear whether amending the judgment would affect the debtor, so the district court was justified in questioning the bankruptcy court's jurisdiction. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (declining to apply the first-to-file rule where the "issues [were] distinct, [and] the requirement of identity of the issues [was] not met").

The district court acted within its discretion in denying a stay premised on Salyer's parallel criminal proceedings because Salyer failed to demonstrate that his Fifth Amendment rights would be implicated by amendment of the judgment. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("In

[**] The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence. . . .") (citation and alterations omitted).

The district court did not clearly err in amending the judgment to add Salyer and the Scott Salyer Revocable Trust as SK Foods, LLC's alter egos. The uncontested evidence amply demonstrated the "unity of interest and ownership" between SK Foods, LLC and Salyer required for an alter ego finding. *Hasso v. Hapke*, 227 Cal. App. 4th 107, 156 (2014), *as modified*. The record also reflects that Salyer "had control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004) (citation omitted); *see also Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1110 (2013) (holding that the alter ego controlled the litigation because "[t]here was no showing below, and there is not the slightest suggestion in the briefs of appellants, that anyone, other than the alter ego, had control of the litigation. . . .") (citation and alteration omitted).

**AFFIRMED.**