NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENO-TAHOE SPECIALTY, INC., | No. 18-56411 |
| Plaintiff, | |
| and | D.C. No. 2:16-cv-00663-GHK-AGR |
| MICHAEL CHANG, | |
| Creditor-Appellant, | MEMORANDUM* |
| v. | |
| MUNGCHI, INC.; RICKY NOH, | |
| Defendants-Appellees, | |
| and | |
| TOP DESIGN; KYUNG SU LEE; MC CREW, LTD.; THE STYLE N, INC.; SILLA AMERICA, INC.; DBDE, INC.; I LOVE P&A, LTD., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 11, 2019[**]
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[***] District Judge.

1. Ricky Noh argues that this court lacks jurisdiction because Michael Chang failed to file a timely notice of appeal. We disagree. Chang filed a timely notice of appeal from the district court's September 19, 2018 order denying Chang's renewed motion to amend the Nevada judgment to add Noh as a judgment debtor. That order is the final judgment in this matter because the district court had earlier refused to rule on Chang's renewed motion to amend the Nevada judgment until he sought relief in the district court for the District of Nevada. Chang complied with the court's order but was unable to obtain relief in the Nevada district court. At that point, he returned to the California Central district court with this suit, and, in the court's September 19, 2018 order, Chang's renewed motion to amend the Nevada judgment was finally denied.

2. The district court denied Chang's renewed motion to amend the Nevada judgment, finding that Chang failed to meet his burden of establishing the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

necessary element of control. We review for clear error the district court's findings on whether a party is properly added to a previous judgment. *See Katzir's Floor & Home Design, Inc. v. M-MLS.COM*, 394 F.3d 1143, 1148 (9th Cir. 2004). Under governing California law, a plaintiff seeking to amend a judgment to add a defendant must prove that (1) the defendant is "the alter ego of the old party," and (2) the defendant "controlled the litigation" that gave rise to the judgment. *Triplett v. Farmers Ins. Exch.*, 29 Cal. Rptr. 2d 741, 743 (Ct. App. 1994). The second element protects a defendant's due process right to present a defense before being held to account for a monetary judgment. *See id.* The plaintiff bears the burden of proving both elements by a preponderance of the evidence. *Wollersheim v. Church of Scientology Int'l*, 81 Cal. Rptr. 2d 896, 897 (Ct. App. 1999).

In the present appeal, the parties dispute only whether Chang failed to demonstrate by a preponderance of the evidence that Noh controlled the Nevada litigation. To assess whether a plaintiff has carried the burden of proving a defendant's "[c]ontrol of the [underlying] litigation sufficient to overcome due process objections," courts properly consider a "combination of factors, usually including the [defendant's] financing of the litigation, . . . hiring of attorneys, and control over the course of the litigation." *NEC Elecs. Inc. v. Hurt*, 256 Cal. Rptr. 441, 446 (Ct. App. 1989). The district court did not clearly err by denying Chang's renewed motion to amend the Nevada judgment.

Chang provided no evidence that Noh funded the Nevada litigation. Chang supplied only some evidence tending to prove that Noh hired Mungchi's counsel. Evidence proving that Noh hired Mungchi's counsel is insufficient, standing alone, to establish the level of control required to address due process concerns. *See Minton v. Cavaney*, 364 P.2d 473, 476 (Cal. 1961).

Chang also provided evidence that Noh oversaw all aspects of Mungchi's business, served as Mungchi's business deponent, was Mungchi's only representative at the settlement conference, and testified at trial. These facts show merely that Noh fulfilled the roles that any corporation's president would likely fulfill, even if he did not control the course of the litigation. As courts have noted, "[i]t is not sufficient that . . . [a defendant] appears as a witness or cooperates without having control." *Minton*, 364 P.2d at 476 (internal quotation marks omitted). In other words, these facts do not compel the conclusion that Noh controlled the course of the Nevada litigation.[1] *Cf. Alexander v. Abbey of the Chimes*, 163 Cal. Rptr. 377, 380 (Ct. App. 1980); *Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 601 (N.D. Cal. 2012), *aff'd sub nom. Bank of Montreal v.*

---

[1] Chang also supplied a declaration from John Krieger, the attorney who represented Reno-Tahoe in the Nevada litigation, which stated that, based on his "personal observations," Krieger believed "Ricky Noh . . . was in control of the lawsuit." Krieger's declaration failed to specify the "personal observations" that provided the foundation for his conclusory statement that Noh controlled the Nevada litigation. As a result, the district court correctly accorded it no weight.

*Salyer*, 599 F. App'x 706 (9th Cir. 2015). Based on this evidence, we are not "left with the definite and firm conviction" that the district court made a mistake denying Chang's renewed motion to amend the Nevada judgment.[2] *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

    **AFFIRMED.**

---

[2] Without conducting an evidentiary hearing to assess credibility, the district court appeared to credit the two declarations submitted by Noh to show that he did not control the course of the Nevada litigation. Because Chang attacks the veracity of the declarations, we agree with him that the district court erred insofar as it gave the declarations any weight without first making a credibility determination following an evidentiary hearing. Nonetheless, even giving no weight to Noh's declarations, we are still unable to find clear error in the district court's denial of Chang's renewed motion to amend the Nevada judgment. Chang supplied evidence tending to prove only that Noh hired Mungchi's counsel and that he participated in the litigation as any company's president likely would.