Filed 12/7/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| 347 GROUP, INC., | C091273 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV0034521) |
| v. | |
| PHILIP HAWKINS ARCHITECT, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Placer County, Richard J. Couzens, Judge.  Reversed with directions.

Law Offices of Ted A. Greene, Inc., and Glen F. Olives for Defendant and Appellant.

Jeppson & Griffin, Tory E. Griffin and Annabel H. Chang for Plaintiff and Respondent.

Plaintiff 347 Group, Inc. (347 Group) sued and obtained a default judgment against defendant Philip Hawkins Architect, Inc. (Architect, Inc.) for breach of contract. Defendants Philip Hawkins, as an individual, and Design-Build, Inc. (Design Build) were

1

also named in the lawsuit, although were not defaulting parties. Instead, 347 Group dismissed its breach of contract cause of action against Hawkins and Design Build but maintained causes of action for fraudulent conveyance and conspiracy, seeking to establish Hawkins and Design Build were alter egos of Architect, Inc. and liable under the contract with Architect, Inc. After Design Build and Hawkins prevailed on those causes of action, they moved for attorney fees. The trial court denied the motion finding an attorney fees award improper because 347 Group dismissed its contract cause of action and the remaining tort causes of action did not allow for an attorney fees award.

On appeal, Hawkins[1] argues the trial court erred and he is entitled to attorney fees because he was sued as an alter ego. We agree and reverse.

FACTUAL AND PROCEDURAL BACKGROUND

347 Group filed suit against Architect, Inc., seeking damages for breach of contract and breach of the covenant of good faith and fair dealing after Architect, Inc., stopped paying for services performed by 347 Group. There was no personal guarantee by Hawkins, who created Architect, Inc., to pay the amount agreed to in the contract, and Design Build was not in existence at the time the contract was entered into. During pendency of the suit, Architect, Inc., declared bankruptcy and Hawkins created Design Build. 347 Group then "filed its second amended complaint which alleged four causes of action: breach of contract, common counts, fraudulent conveyance, and conspiracy," against Architect, Inc., Hawkins, and Design Build.

Thereafter, "[a]t a pretrial conference in chambers before the judge presiding over this matter, [347 Group] requested a default judgment be entered against [Architect, Inc.], and this having been agreed to, stipulated with defense counsel to dismiss the [contract] causes of action against Hawkins and [Design Build]. The stipulation to dismiss the

---

[1]    Design Build did not appeal the trial court's order.

[contract] causes of action was not memorialized in the record of proceedings. However, defense counsel was clearly aware of the dismissal of these claims, and relied on the dismissal in asserting objections during trial." Following trial, the court ruled that Hawkins and Design Build were not liable as alter egos to pay the amount owing under the contract between Architect, Inc., and 347 Group under either a fraudulent conveyance or conspiracy theory.

Hawkins and Design Build then moved "for attorneys' fees pursuant to Civil Code section[2] 1717." The trial court denied the motion stating: "As [347 Group] voluntarily dismissed the claims 'on the contract' against Hawkins and Design Build, the only remaining causes of action at trial were tort claims for fraudulent conveyance and conspiracy. As to the tort claims, there is no basis for reciprocal fees under . . . section 1717."

Hawkins appeals.

DISCUSSION

I

*Hawkins Is Entitled To Attorney Fees*

Hawkins contends the trial court erred by finding he was not entitled to attorney fees under section 1717. Specifically, Hawkins argues he was entitled to attorney fees under this section because the action, although consisting of only tort claims, was "on the contract" and 347 Group would have been able to collect attorney fees from him in the event it had prevailed. 347 Group disagrees, arguing the action was not "on the contract" because it alleged only tort causes of action and because Hawkins was not identified as a party from whom attorney fees could be recovered under the contract. We agree with Hawkins.

---

**2** Further section references are to the Civil Code unless otherwise indicated.

3

Section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." "[O]n a contract" does not mean only traditional breach of contract causes of action. Rather, "California courts 'liberally construe "on a contract" to extend to any action "[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit . . . ." ' " (*California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 605.) We review whether a party is entitled to attorney fees under this section de novo, as it is a question of law. (*Gillotti v. Stewart* (2017) 11 Cal.App.5th 875, 905.)

Whether a party sued under an alter ego theory is entitled to attorney fees in a breach of contract action was addressed by our Supreme Court in *Reynolds Metals v. Alperson* (1979) 25 Cal.3d 124, 127-129. Whether that same party is entitled to attorney fees in an action that does not include a breach of contract claim was recently addressed in *MSY Trading Inc. v. Saleen Automotive, Inc.* (2020) 51 Cal.App.5th 395, 398-399. Because we agree with *MSY Trading* and find its reasoning applicable to this case, we quote heavily from the opinion to explain why Hawkins is entitled to attorney fees.

We begin with the *MSY Trading* court's discussion of *Reynolds Metals*. There, "the plaintiffs sued defendants as the alter egos of the makers of a promissory note. [Citation.] Plaintiffs did not sue the makers because they were insolvent. [Citation.] The alter ego defendants prevailed, and the court awarded their attorney fees based on a provision in the promissory note, though they were not parties to the promissory note. [Citation.] Reasoning from the intent of . . . section 1717, which is to ensure mutuality in the availability of attorney fees, our high court held that '[i]ts purposes require . . . section

4

1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.' ([Citation]; see *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 823 . . . ['It is well settled a breach of contract claim based on an alter ego theory is still a claim on the contract and a nonsignatory that successfully defends against the claim may recover its attorney fees under . . . section 1717'].)

"*Reynolds Metals* illustrates one of a few procedural vehicles available to a party asserting alter ego liability. The first option is to sue the alter ego directly in an action for breach of contract, as occurred in *Reynolds Metals*. Another is to first obtain a judgment for breach of contract against the signatories to the contract, followed by a motion to amend the judgment to add the alter egos as defendants. (See *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1074-1075 . . . ; Code Civ. Proc., § 187.) Still another is, after obtaining a judgment against the signatories, to institute an independent action against the alter egos, which is the option [347 Group essentially] chose here [by first obtaining a breach of contract judgment against Architect, Inc. and then pursuing alter ego tort claims against Hawkins]. (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 288 . . . ['As an alternative to filing a [Code of Civil Procedure] section 187 motion to add a judgment debtor to a judgment, the judgment creditor may file an independent action on the judgment, alleging that the proposed judgment debtor was an alter ego of an original judgment debtor'].) These different procedural vehicles, however, are identical in *substance*: in all three, the proof of alter ego is the same." (*MSY Trading Inc. v. Saleen Automotive, Inc.*, *supra*, 51 Cal.App.5th at pp. 402-403.)

Yet according to 347 Group, a remedy of attorney fees should be available only when a cause of action for breach of contract is reduced to judgment. "We disagree. All of the considerations that led *Reynolds Metals* to permit an alleged alter ego to claim

5

attorney fees under a contract are equally applicable to a postjudgment . . . action to establish alter ego liability. . . . [I]f [347 Group] had prevailed in [its] action to deem [Hawkins] an alter ego of [Architect, Inc.], [Hawkins] would have been liable for [any] attorney fee award that was a component of the [contract signed by Architect, Inc].[3] Under the principles of mutuality that inform . . . section 1717, [Hawkins] was entitled to fees as the prevailing party.

"This is true notwithstanding the principle that ' "[g]enerally, when a judgment is rendered in a case involving a contract that includes an attorney fees and costs provision, the 'judgment extinguishes all further contractual rights, including the contractual attorney fees clause.' " ' [Citation.] That rule is certainly true in general, but not as to an alter ego claim. The reason an alter ego can be added to a judgment is because, in the eyes of the law, the alter ego was a party, albeit by a different name. (See *Misik v. D'Arco*, *supra*, 197 Cal.App.4th 1065, 1075 ['Amendment of a judgment to add an alter ego is a proper procedure where it can be shown that the alter ego of the corporate entity had control of the litigation and was virtually represented in the lawsuit'].) To give effect to the principles inherent in *Reynolds Metals* and . . . section 1717, we employ a similar analysis for a prevailing alleged alter ego: it is as though the alleged alter ego was a party to the original lawsuit, and prevailed. Consequently, a postjudgment . . . action to establish alter ego liability for a judgment on a contract is itself an action on the contract" regardless of which procedural vehicle the plaintiff employs. (*MSY Trading Inc. v. Saleen Automotive, Inc.*, *supra*, 51 Cal.App.5th at p. 403.)

---

**3**    347 Group concedes it was entitled to attorney fees under the contract and Architect, Inc., would have been entitled to attorney fees had it prevailed against 347 Group on the contract cause of action.

6

Accordingly, because 347 Group's alter ego action was on the contract and Architect, Inc., the party Hawkins was alleged to be the alter ego of, was liable for attorney fees under the contract, Hawkins is entitled to attorney fees.

## II

### *Subdivision (B) Of Section 1717 Does Not Apply*

347 Group argues Hawkins is not entitled to attorney fees for defending against the voluntarily dismissed contract cause of action because section 1717, subdivision (b) bars recovery when a cause of action is dismissed. We disagree.

Section 1717, subdivision (b)(2) provides: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Thus, "[w]hen a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees*." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 617.)

Contrary to 347 Group's contention, section 1717, subdivision (b) does not bar recovery of attorney fees on any particular cause of action when that cause of action is voluntarily dismissed. The section instead bars a prevailing party determination when an "action" is dismissed. (§ 1717, subd. (b).) The "action" described in section 1717, subdivision (b) is the action on the contract -- the very thing entitling a party to attorney fees under that section. (§ 1717, subd. (a).) As discussed, *ante*, 347 Group did not dismiss the action on the contract. Thus, Hawkins was entitled to a prevailing party determination and whatever attorney fees the contract allows him to recover. We will remand to the trial court for it to consider that issue.

7

DISPOSITION

The order denying attorney fees is reversed and the matter remanded for the trial court to calculate attorney fees. The parties shall bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)


/s/_____
Robie, J.


We concur:


/s/_____
Hull, Acting P. J.


/s/_____
Murray, J.

8